BOYD *vs.* SUMNER et al.

APPEAL FROM CIRCUIT COURT OF DODGE COUNTY.

Heard Nov. 11, 1859.]                    [Decided December 14, 1859.

*Contract—Interest—Mortgage—Solicitor's Fees—Appeal.*

Whether a contract to pay money on a given day, and which also provided that if
   the payments were not made on that day, then interest at 24 per cent. per annum,
   until paid, is legal interest and should be allowed.   Quere.
If the principal debtor has acquiesced in a judgment to pay more than legal interest,
   a subsequent incumbrancer cannot complain of the judgment, unless he also
   shows that he has sustained injury thereby.
It is competent for parties to contract for a reasonable amount as solicitor's fees in
   the foreclosure of a mortgage, and such agreements. will be enforced by the
   courts.   In such case the court should refuse to tax a statute fee for the soli-
   citor.
It is a general rule of the court to remand a case, for further proceedings, to the
   court below ; but this rule will be changed upon the request of the parties, and
   for good cause shown.
Both parties to a judgment may appeal.

This action was commenced in the circuit court for Dodge
county, on the 28th day of July, 1858, by the plaintiff, Thom-
as Boyd, for the foreclosure of four mortgages given by the
defendant, Farnum A. Sumner, to the plaintiff. In and by
one mortgage the mortgagor covenanted to pay thirty dollars
solicitor's fees in case of foreclosure thereof; in another
mortgage the mortgagor covenanted to pay the sum of twenty
dollars solicitor's fees in case of foreclosure thereof; and in
another mortgage the mortgagor covenanted to pay the sum of
twenty dollars solicitor's fees, making seventy dollars solici-
tor's fees covenanted and agreed to be paid by the mortgagor,
in case of foreclosure of the same.   One of the mortgages
was given to secure the payment of eight hundred dollars,
with interest, according to the conditions of a money bond
made by Farnum A. Sumner to the plaintiff, and bearing
date on the 7th day of March, 1850, whereby Sumner bound
himself in the penal sum of sixteen hundred dollars to pay
the plaintiff the sum of eight hundred dollars in three years

Boyd vs. Sumner et al.

after the date of the bond, and interest thereon annually at the rate of twelve per cent. per annum, the first instalment of interest on the 7th day of March, 1850, and on the 7th day of March each year thereafter; and if the payments, or either of them, were not promptly made, on the day or days specified therefor, interest on the whole of the principal for the whole of the time until paid, at the rate of twenty-four per cent. instead of twelve per cent. per annum, until paid.

The defendants, the Bank of Milwaukee, Thompson Little and Courtland R. Baker, held subsequent mortgages made by Sumner on the same property, and defended against the recovery by the plaintiff of the twenty-four per cent. interest mentioned in said $800 bond; all the other defendants are subsequent incumbrances, and are all regularly in default.

At the special term of the circuit court on the 20th day of July, 1859, this cause was tried before his honor John E. Mann, judge of the third judicial circuit, when judgment was rendered for the plaintiff, from which both plaintiff and defendant, the Bank of Milwaukee, appeal; and for that purpose the bill of exceptions has been settled, which presents the questions raised by this appeal.

The plaintiff introduced as a witness Charles A. Eldridge, who being duly sworn did depose and say, among other things: There has been paid by defendant Sumner $500, as interest, but it was in my presence agreed between them that this $500 was not to be applied on the $800 bond and mortgage; that the $800 bond and mortgage by agreement between them was to remain, drawing 24 per cent. Sumner never declined to pay the 24 per cent.; 24 per cent. was not an uncommon rate at that time, but was almost a customary rate of interest. Mr. Sumner, through me, applied to plaintiff for further loans of money, and offered to pay that rate of interest. My recollections are that some of the mortgages subsequent to the $800 mortgage included interest due on some prior mortgages, but at every such time when interest was arranged on them it was expressly agreed between plaintiff and Sumner that no payment was to be applied on the $800 bond and mortgage, as the 24 per cent. which that was drawing was to remain, and was the consideration of its being allowed to run; the mortgage of $800 and its drawing interest at 24 per cent. was frequently spoken of between the parties, even up to about the time of the commencement of this action, and it was agreed between them that the 24 per

cent. interest would compensate Mr. Boyd for letting the interest run. Sumner preferred to have it so, and never objected to it.

This was all the evidence offered by the parties.

The court finds the following facts: That the bonds and mortgages mentioned and described in the complaint in this action were made, executed and delivered as therein alleged and set forth ; that there has been paid upon said bonds and mortgages, as interest, the sum of five hundred dollars, which, by the agreement between plaintiff and defendant, Sumner, was not to be applied on the bond and mortgage of eight hundred dollars ; that the sum of twenty dollars was indorsed on the bond of ten hundred and thirty-eight dollars and seventy-one cents, as alleged, and that no further payment or payments have been made on said bonds; that the said mortgages contained covenants to pay seventy dollars solicitor's fees.

The conclusions of law are: That there is due from the defendant, Farnum A. Sumner, to the plaintiff, on the said bonds and mortgages set forth in the complaint, the sum of four thousand seven hundred and twenty-nine dollars and forty-five cents, for principal and interest, including interest on the bond of $800, dated March 7th, 1850, at the rate of twenty-four per cent. per annum from the date of said bond ; that the sum of twenty-four per cent. interest mentioned in said bond is not a penalty, but is a lawful rate of interest agreed on between the plaintiff and defendant, Sumner; and that by the session law of 1859, amending sec. 41 of chap. 133 of the Revised Statutes, no more than $25 can be allowed as solicitor's fees, though more be agreed for in mortgage.

Judgment is therefore ordered for the plaintiff of four thousand seven hundred and twenty-nine dollars and forty-five cents.

Thereupon, afterwards, final judgment was entered in this action in open court, on the said 20th day of July, 1859, and the said solicitor's fees disallowed for want of legal power in the court to allow them.

The defendant, the Bank of Milwaukee, by its attorneys, Messrs. Smith & Ordway, excepted to the decision of this court as to and on matters of law which arose on such trial, and says that the court erred.

1. In deciding that the plaintiff was and is entitled to recover the whole twenty-four per cent. mentioned in the bond of eight hundred dollars.

2.  In ordering judgment for the plaintiff for the whole sum mentioned in said bond of $800, with twenty-four per cent. interest thereon from its date.  And the plaintiff did also except to the judgment and decision of said circuit judge in relation to the said solicitor's fees, and says that the court erred in deciding that the law of 1859 prohibited the allowance of the solicitor's fees covenanted to be paid in said mortgage, and that the same ought to have been adjudged to and allowed the plaintiff, if the *amount* were proper and reasonable.

Both the defendant, the Bank of Milwaukee, and the plaintiff, appeal from said judgment by stipulation.

*Chas. A. Eldridge,* for the plaintiff.

The defendant, the Bank of Milwaukee, admits the making of the mortgage to the plaintiff, but insists that he is not entitled to the 24 per cent. on the $800 mortgage which is claimed.  But it asks no relief, nor seeks to redeem the same, or to pay the amount due the plaintiff.  Therefore, the Bank had neither a right to be heard in the courts, nor to appeal upon the point excepted to.  It had shown no interest in the suit to entitle it to litigate in the matter.  *Reid vs. Vanderheyden,* 5 Cow., 719; Code, § 232.  Unless the answer be taken as proof, the appellant did not prove anything upon which the court could determine its interest, or that it had any.  3 Danl. Ch. Practice, 1604, and note 1.  Supposing we admit the defendant was a mortgagee.  It still does not appear that it has any interest, for it does not appear but that the premises are worth ten times enough to pay all, or but that the defendant will be paid.

2.  If the appellant has made its interest appear so as to entitle it to be heard upon the point of its exception, then we submit that the allowance of the 24 per cent. interest is not error.  The agreement to pay 24 per cent. interest was at the time it was made a valid agreement, and one which the parties might lawfully make.  The agreement was made under the law.  Revised Statutes of 1849, § 1, p. 264.  "Any rate of interest agreed upon by parties in contract, specifying the same in writing, shall be legal and valid.  Whatever the law was before this statute, under it parties might agree upon any rate of interest, provided only the contract was not fraudulent. 3 Car. & P., 240; Broom's Legal Maxims, 414–15–16 and 17; *Smith vs. Smith,* 4 Wend., 468; *Dakin vs. Williams,* 17 id., 448 and 454.

3.  But it is said that the 24 per cent. was intended not as a rate of interest in any event, but was inserted as a penalty for not paying the 12 per cent. when due. When the amount agreed upon is just and equitable, the court will not interfere. 2 Parsons on Cont., 428, 430–31 ; 1 J. C. R., 624; *Mowry vs. Bishop,* 5 Paige, 98 ; *Kennon vs. Dickens,* 1 Taylor, N. C., 231 ; Smith's Mercantile Law, 537 ; *Tallman vs. Truesdall,* 3 Wis., 154.

Nor is the fact that the penalty in the bond is less than the recovery, any objection to the amount allowed. Interest may be recovered beyond the penalty of the bond. 3 Caine 48 ; Story's Eq. Ju., § 1316.

Upon the appeal of the plaintiff on the exception to the decision of the judge disallowing the solicitor's fees stipulated for in the mortgage, there can be no doubt but the circuit judge was in error. He was anxious to allow the $70, but held that the statute of 1859 prohibited it. The propriety and justness of the amount in this case cannot be questioned. There are some sixty-six defendants, and the actual clerical labor could not be performed in the case for the amount allowed to be taxed and the sums stipulated in the mortgages. This court has also determined the right. *Truesdall vs. Tallman,* 3 Wis., 454.

*Smith & Ordway,* for the Bank of Milwaukee.

It is submitted that the plaintiff can only recover of the defendants the principal sum, with seven per cent. interest thereon from its date, March 7, 1850. The bond provides for the payment of annual interest at twelve per cent., and if not paid promptly, it then provides for twenty-four per cent. from date of bond, which, so far as chancery is concerned, is a void agreement; then there being no agreement in writing as to the rate of interest, it certainly draws but seven per cent. See 2 Dess., 170.

1.  If this be not so, then the plaintiff can only recover the principal sum, with twelve per cent. interest from the date of the bond. Such is the condition, with only the addition that the interest shall be paid annually. If anything further is due or can be recovered, it must be by reason of failure to pay the twelve per cent. when due; this would be strictly a forfeiture ; as a penalty for failure to pay twelve per cent. annually, or the principal at the end of three years, the defendant incurs the forfeiture of twelve per cent. additional from the date of the bond; although this may not be a *void* agreement to all

intents and purposes, yet in this jurisdiction, a court of equi-
ity, it must at least be considered as surplusage, leaving the
agreement to ·pay twelve per cent. per annum in force, be-
cause a court of equity does not assist the recovery of a pen-
alty or forfeiture, or anything in the nature of one. *Livings-
ton vs. Tompkins,* 4 J. C. R., 431; Story's Eq. Juris., § 1319;
*Bank of Michigan vs. Hammond,* 1 Douglas, 527; *Hall vs.
Delaplaine,* 5 Wis., 207.

2. This stipulation to pay twenty-four per cent. is a pen-
alty only. Story's Eq. Juris., §§ 1321, 1322, 1323; Adams'
Eq., 252, 253, 254; *Dennis vs. Cummins,* 3 John. Cases, 297,
notes a, b; *Seaton vs. Slade,* 7 Ves., 274; *Sloman vs. Walter,*
Lead. Cas. in Eq., 459, *et seq.*; *Burton's Case,* 5 Co., 69; 2
Parsons on Cont., 436, note to *Barton vs. Glover,* Holt's N.
P., 43–45; see note B. to *Spencer vs. Tilden,* 5 Cow., 151.

The Bank of Milwaukee is not the complainant in this ac-
tion, seeking relief from this forfeiture; an entirely different
rule prevails in such a case; but the question is not, " Is the
defendant entitled to relief?" but, is " What is the plaintiff by
his contract entitled to recover?" We think the bank was
not called upon to answer, setting up a defense so called;
that it might have raised this question on the plaintiff's com-
plaint alone.

3. The plaintiff could not recover the twenty-four per cent.
without alleging and proving a demand of the twelve per
cent. when due, at the end of the first or second year, or of
the principal sum and twelve per cent., at the end of the third
year.

" The proceeding being at common law, and the claim of
the plaintiff being *stricti juris,* all the niceties required by
common law must be previously complied with, &c., to enti-
tle the plaintiff to recover. See *Jackson vs. Harrison,* 17
John., 69. The defendant, in a case of this description, has a
right to remain passive, and to avail himself of any defect of
proof on the other side necessary to establish his right to re-
cover." *Remsen vs. Conklin,* 18 John., 450. So in this case,
to entitle the plaintiff to recover the twenty-four per cent., he
must allege and prove the demand. On the contrary, no de-
mand is alleged or proved, and the testimony shows directly
that none was made; thereby the right to declare the forfeit-
ure was waived. The plaintiff seems to have taken it for
granted, that, on account of the non-payment of the twelve
per cent., he could recover the twenty-four. If we can gath-

er anything from the testimony of Mr. Eldredge, "it was agreed between them that twenty-four per cent. would compensate Mr. Boyd for letting the interest run," it is, that compound interest should be secured under this agreement; this seems to have been an after thought, and must have grown up long after the execution of the bond; but whether it was an original or after thought, is immaterial, because courts will not lend their aid to enforce compound interest. *The State of Connecticut vs. Jackson*, 1 J. C. R., 13; *Hastings vs. Wiswall*, 8 Mass., 455; *Mowry vs. Bishop*, 5 Paige, 98; *Van Benschooten vs. Lawson*, 6 J. C. R., 314.

*By the Court*, PAINE, J. We do not deem it necessary in this case, to decide whether the provisions in the $800 bond and mortgage, in relation to the payment of 24 per cent. in case of non-payment at the time provided, should be regarded as in the nature of a penalty, or as a valid contract for interest. The twenty-four per cent. was allowed by the court below as interest. But there is nothing in the case that shows, even if this was an error, that the bank was aggrieved by it. It seems no proof at all was offered of the interest of the bank in the mortgaged premises, except what is furnished by its answer. And even if it is assumed that its interest is as therein set forth, there is nothing to show that the premises are not amply sufficient to pay off its incumbrance, after satisfying the judgment of the plaintiff as rendered. Sumner acquiesces in it, and the bank has no right to contest the question without showing that it is, or may be aggrieved by the judgment as it stands. For if the premises are still sufficient to pay the bank, it has not been aggrieved, and has no interest in the question, whether the 24 per cent. should be considered a penalty or valid interest.

We think that part of the judgment, which disallows all solicitors' fees over $25. and from which the plaintiff appealed, must be reversed. There were several mortgages foreclosed in the suit, and the amount of solicitor's fees stipula-

ted to be paid in all of them, was $70. The court below thought no more than $25 could be allowed, because it was forbidden by chap. 200, Session Laws of 1859. But we think that chapter, as well as the section of the Revised Statutes, of which it is amendatory, refers only to such costs and fees as may be taxed by the authority of the statutes, independent of any stipulation of the parties upon the subject. It is well known that parties are obliged to pay attorneys more than these taxable costs in order to obtain their services, and from this has arisen the practice of stipulating in regard to it, in their agreements. And in *Truesdell vs. Tallman,* 3 Wis., 454, this court has already decided that such stipulations, when made in good faith and for reasonable amounts, should be enforced. There were a very large number of defendants in this suit, and several mortgages foreclosed; and, in view of these facts, it cannot be said that $70 would be an unreable amount.

In such cases, where the parties by their agreement provide for a reasonable amount for the entire fees of a solicitor, it would probably be within the discretion of the court below to refuse to tax the amount fixed by statute. That part of the judgment appealed from by the bank is affirmed with costs That part appealed from by the plaintiff is *reversed* with costs.

And as the parties desired that final judgment might be entered here in consequence of the situation of the premises, and the length of time before the next term of the circuit, although the late practice in this court has been different, the judgment may be entered here accordingly, though as a general rule, we shall adhere to the practice of remanding to the circuit court for such further proceedings as may be necessary