MANN vs. THAYER, impleaded with TURNER and others.

A subsequent incumbrancer cannot object to a judgment of foreclosure, rendered against the mortgagor and himself, unless he shows that he will sustain some injury from it.

APPEAL from the Circuit Court for *Ozaukee* County.

Foreclosure of a mortgage of real estate executed by *Turner*. *Thayer* and others were made defendants as subsequent incumbrancers, but did not appear. *Thayer* was personally served with the summons, but the other defendants who were in default, were served by publication. *Turner* answered, but subsequently entered into a stipulation, in pursuance of which judgment was entered for the plaintiff foreclosing the equity of redemption of all the defendants, and directing a sale of the mortgaged premises, but there was no clause providing for a personal judgment against *Turner* in case of a deficiency. *Thayer* appealed.

*Foster & Turner*, for appellant, contended that the court could not render judgment against the parties served by publication, upon a stipulation entered into by *Turner*, and without taking

proof as required by subd. 3. sec. 27, ch. 132, R. S.; and that *Thayer* was aggrieved by the error, because the property might not bring as much at the foreclosure sale as if the judgment had been lawfully obtained against the non-residents. 2. The record shows that judgment was entered against the appellant upon the stipulation or confession of a third person. No one can confess judgment so as to bind another. 7 How. Pr. R. 229; 1 Whittaker (3d Ed.), 227.

*Levi Hubbell*, for respondent:

1. As to the appellant, the case is the same as if there had been no non-resident defendants. He cannot avail himself of any omission of the court to cause "the plaintiff or his agent" to be "examined on oath." *Chapman v. Lemon*, 11 How. Pr. R., 239; *Cook v. Pomeroy*, 10 id., 106; *Boyd v. Sumner*, 10 Wis., 41; *Jamison v. Gjemenson*, id., 412; *Kelly v. Searing*, 4 Abb., 354. 2. No mode is specified for taking the account or proof required by subd. 2, sec. 27, ch. 132, R. S. It was competent for the court, if satisfied of the facts, to enter judgment upon the written statement of the amount due contained in the stipulation. The language of the statute, "If the taking of an account, or the proof of any facts, *be necessary*" &c., leaves it clearly a matter of *discretion* with the court. At any rate, in the absence of any statutory rule as to the mode of taking proof or ascertaining the amount due, its is to be presumed that the court did its duty, and the judgment will not be reversed on suspicion of error. *Kelly v. Searing*, 4 Abb., 354; *Jessup v. Stone*, 13 Wis., 466; *Shaw v. Shaw*, 8 id., 169. 3. There is no proof that the appellant has been injured by the judgment. 10 Wis., 41, 412.

*By the Court*, COLE, J. This case comes fully within the reason and principle of our decisions where we have held that a subsequent incumbrancer can not object to a judgment of foreclosure unless he shows that he will sustain some injury or loss by the judgment rendered. See *Boyd v. Sumner*, 10 Wis.,

41; *Jamison v. Gjemenson*, id., 411. In this case the appellant was made a party to the suit as subsequent purchaser or incumbrancer, and was served with process. He made default. The mortgagor answered, but afterwards entered into a stipulation that judgment of foreclosure might be entered for the amount claimed in the complaint, in consideration of certain matters named in the stipulation. Judgment was accordingly entered for the amount. It does not appear that the appellant has any interest in the mortgaged premises, or that his rights have been prejudiced by the stipulation and judgment.

The judgment of the circuit court is therefore affirmed.