THE FARMERS' & MILLERS' BANK of Milwaukee vs. ELDRED, impleaded with others.

*Affidavit for publication—Certificate of Lis Pendens—Parties defendant.*

1. An affidavit for publication of summons which states that the action is brought to foreclose a mortgage on real property in this state; that the defendants in respect to whom such service is sought (naming them) are proper parties, and have or claim a lien upon said property by virtue of judgments subsequent to the mortgage; that the relief demanded consists wholly in barring such interest; that said defendants cannot, after due diligence, be found within this state, and that, as affiant is informed and believes, they are non-residents there-of, and reside severally at certain (specified) places in other states, *held* to be sufficient.

2. A copy of the notice of *lis pendens,* with the register's certificate attached in the usual form, except that it is without seal, and states that he has no official seal, *held* to have been sufficient, where the same was made *before* the passage of ch. 316, Laws of 1864.

3. Where, during the pendency of a foreclosure suit, a railway company took possession of a part of the premises, for the use of its road, and obtained an award of damages by commissioners duly appointed, and an appeal to the circuit court from such award was still undetermined, it was not error to deny a motion by the mortgagor defendant that such company be made a party to the foreclosure suit; the rights of the mortgagor not being prejudiced by such a denial.

APPEAL from the Circuit Court for *Racine* County.

This action was commenced in 1862 in the Milwaukee circuit court, to foreclose a mortgage upon certain lots in the city of Milwaukee, executed to the plaintiff by *Anson Eldred* and wife. It was removed to the Racine circuit court. Summons was served by publication upon a large number of defendants, by order of court based upon an affidavit of one of the plaintiff's attorneys, which states " that a summons has been issued in the action against all the defendants; that this action . is

brought for the foreclosure of a mortgage, and the subject thereof is real property in the city and county of Milwaukee, in this state ; that the defendants *John Hintze* [and others named] are parties to said action, and have or claim a lien or interest in the aforesaid property, by virtue of judgments which are subsequent to the mortgage set forth in the complaint in this action ; that the relief demanded in said complaint against them, consists wholly in excluding them from any interest or lien in the aforesaid property ; that said defendants cannot, after due diligence, be found in this state ; that, as affiant is informed and believes, said defendants are not residents of this state, but that" &c. [Here follows a statement of their several places of residence, or, in the case of the corporations defendant, the places where they are doing business.]

On the trial, at the February term, 1865, of said circuit court, the defendant *Anson Eldred* filed his affidavit, stating that about the 1st of July, 1864, the Chicago & Milwaukee Railway Company entered upon and took possession of a large portion of two of the lots included in the mortgage, for the purpose, as they alleged, of extending their line of railroad across the same ; that thereupon said company procured the appointment of commissioners (Laws of 1851, ch. 262 ; Pr. Laws of 1854, ch. 17); who, in August, 1864, appraised the damages sustained by the affiant, and the value of the land so taken, at $2500, from which appraisal affiant appealed to the circuit court of Milwaukee county, and the appeal is now pending and undetermined ; that the railway company had been notified by the plaintiff in this action, that said plaintiff, as mortgagee, would insist upon the payment to him of the amount which would ultimately be adjudged against the company on said appeal; whereas affiant insists that he alone is entitled to receive such sum, and that the company take the lots subject to the lien of plaintiff's mortgage ; that until this question is settled said lots will not sell, upon any judgment rendered herein, at near their real value ; and that it is necessary that said railway company be made a

198    SUPREME COURT OF WISCONSIN,

The Farmers' and Millers' Bank of Milwaukee vs. Eldred, &c.

party to this action, in order to a complete determination of the controversy herein. *Eldred* moved upon this affidavit that said company be made a party defendant; but the motion was denied.—The proof of the filing of notice of *lis pendens* was a certificate of the register of deeds of Milwaukee county, dated December 23d, 1863, which is without any seal, and states that said register has no official seal; otherwise it is in the usual form. The certificate was received in evidence against the objection of defendant *Eldred*.—Judgment of foreclosure and sale in the usual form; from which *Eldred* appealed.

*Cary & Pratt*, for appellant:

1. The affidavit for publication is not in compliance with the statute, and did not confer jurisdiction to make the order. (1.) It does not state a cause of action against any one defendant. *Slocum v. Slocum*, 17 Wis., 150 ; *Rankin v. Adams*, 18 id., 293. (2.) It does not appear that the summons was ever placed in the hands of the sheriff for service, or that any attempt was ever made to serve it in this state. The statement "that said defendants cannot, after due diligence, be found within this state," is not the statement of a *fact*, upon which the commissioner could act, but only of the affiant's conclusion. In the absence of a statement that the sheriff has made a return of "not found," the party must shew *what* diligence has been used. *The People v. The Recorder of Albany*, 6 Hill, 429. (3.) The statement of non-residence is made only upon information and belief, without showing facts and circumstances on which the belief rests. *Hafern v. Davis*, 10 Wis., 501. 2. The Chicago & Milwaukee Railway Company should have been made a party. Laws of 1864, p. 205. The judgment makes no provision in regard to the award of the commissioners, or the amount to be finally paid by the railway company, and it is undetermined whether the purchaser at the foreclosure sale will take subject to the rights of the company, or whether the whole property will pass. Under these circumstances it is evident that the property will not sell at its full value. 3. There was

no proper and sufficient proof of *lis pendens.*    *Manning v. Mc-Clurg,* 14 Wis., 350 ; Laws of 1864, ch. 316.

*Finches, Lynde & Miller,* for respondent.

The following opinion was filed at the June term, 1865.

COLE, J.    The affidavit for publication is sufficient.    It states that the action is brought to foreclose a mortgage, and that the defendants (naming them) in respect to whom service is to be made, " are proper parties to said action, and have or claim a lien or interest in the aforesaid property by virtue of judgments which are subsequent to the mortgage set forth in the complaint ; that the relief demanded by the said complaint against them consists in wholly excluding them, the defendants, from any interest or lien in the aforesaid property ; that said defendants cannot, after due diligence, be found within this state." This shows that the action is brought to foreclose a mortgage, and that the defendants in respect to whom service by publication was sought to be made were subsequent incumbrancers.

The proof of filing *lis pendens* was sufficient. The register certified that he had no official seal.    It will be seen that this certificate was made before the passage of chap. 316, Laws of 1864 ; so that in no possible view could that law apply.    We are unable to perceive how the rights of the mortgagor could be prejudiced because the railroad company was not brought in as a party.    The railroad company took steps to condemn the land subsequently to the commencement of the suit, and to the filing of notice of *lis pendens.* It may concern the railroad company, perhaps, to know to whom it must pay its money.    But we do not perceive that the rights of the mortgagor are prejudiced because the company is not before the court to have that matter determined.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied at the January term, 1866.