YOUNG vs. SCHENCK, impleaded with others.

PRACTICE: *Affidavit for order of publication.—Remedy for excessive judgment in foreclosure, by subsequent incumbrancer.*

1. An affidavit for an order of publication of summons may be made by the plaintiff's *attorney ;* and statements that, after due diligence, defendant cannot be found, etc., are sufficient without showing *what* diligence has been used.
2. A subsequent non-resident incumbrancer of mortgaged property, made defendant to a foreclosure suit, cannot attack the judgment merely on

the ground that the referee was not directed to examine the plaintiff or his agent upon oath as to whether any payments had been made on the mortgage debt (subd. 3, sec. 27, ch. 132, R. S.); but he must show that after satisfaction of the judgment, the land is not a sufficient security for his own and any prior liens, or that he is in some way injured by the irregularity.

3. Such defendant should take his objection by motion in the court below to set the judgment aside.

APPEAL from the Circuit Court for *Waushara* County.

Foreclosure of mortgage. The plaintiff's attorney made and filed an affidavit for the service of summons by publication on the defendant *Schenck*, the terms of which will appear from the opinion. After such publication, and after the time to answer had expired, the cause was referred to a referee " to ascertain the amount due to the plaintiff upon the note and mortgage herein," and report the same, etc.; and he reported that he had " computed and ascertained the amount due," stating the amount, and appending the usual schedule. Judgment was rendered upon the report; from which *Schenck* appealed.

*E. Mariner* and *David S. Ordway*, for the appellant, to the point that the affidavit for publication must be made *by the plaintiff*, cited *Kane v. Rock River Canal Co.*, 15 Wis., 188; *Fladland v. Delaplaine*, 19 id., 460. 2. Facts must be sworn to, showing that the place of residence cannot be ascertained. 1 Whit. Pr., 297; *Hyatt v. Wagenright*, 18 How. Pr., 248. The order of publication is void, because no facts are stated in the affidavit showing what diligence was used. *Hafern v. Davis*, 10 Wis., 504; *Cook v. Farmer*, 11 Abb., 40; *Hallett v. Righters*, 13 How. Pr., 43; *Sibley v. Waffle*, 16 N. Y., 188; *Peck v. Cook*, 41 Barb., 552; *Welles v. Thornton*, 45 id., 394; *Miller v. Brinkerhoff*, 4 Denio, 119; *Kane v. Canal Co.*, 15 Wis., 188. 3. Proof should have been taken of the facts stated in the complaint, and the plaintiff or his agent should have been examined on oath as

to payments made.   R. S., ch. 132, sec. 27, subd. 3;   Circuit Court Rule 30.   Where the provisions of a statute are positive on a question of practice, they must be conformed to. *Hutchinson v. McClellan*, 2 Wis., 17;   *Hibbard v. Pettibone*, 8 id., 270.

*H. G. Webb* (with whom was *S. U. Pinney*, of counsel), for respondent.   [No brief on file.]

COLE, J.   It is objected that the affidavit for an order of publication in this case was defective in two particulars: first, that it was made by the attorney of the plaintiff instead of being made by the plaintiff himself; and second, that no facts are stated in the affidavit showing what diligence was used to ascertain the residence of the defendant *Schenck*. The statute regulating the manner of acquiring jurisdiction over non-resident defendants by publication, provides that in case of publication the court or judge shall direct a copy of the summons and complaint, or, in lieu of the complaint, a notice, to be deposited in the post office forthwith, directed to the person to be served, at his place of residence, unless it appears that such residence is neither known to the party making the application nor can with reasonable diligence be ascertained by him.   Subd. 5, section 10, chap. 124, R. S.   Now it is said that this statute clearly contemplates that the plaintiff himself shall make the affidavit for an order of publication.   Whatever force there might be in this view as an original question, the practice has been in this state, we believe, for the plaintiff or attorney indiscriminately to make the affidavit; and an affidavit made by an attorney was held sufficient by the court in the case of the *Farmers' & Millers' Bank v. Eldred*, 20 Wis., 196.   The reports of New York show that the practice of attorneys making affidavits for an order of publication has prevailed likewise in that state, under a similar statute.   We are therefore disposed to overrule the objection.

Upon the other point, the affidavit states " that the defendant *John W. Schenck* is a non-resident of the state of Wisconsin, and cannot, after due diligence, be found therein." And the affiant further states that "he is informed and believes that the said *John W. Schenck* is a resident of the state of New York; but at what place in said state the said *Schenck* resides, he, this affiant, does not know, and can not with reasonable diligence ascertain." In the case of the *Farmers' & Millers' Bank v. Eldred, supra,* the affidavit stated generally that the defendants could not, after due diligence, be found within the state; and the objection was taken that the affidavit must show what diligence had been used. It was held, however, that the affidavit authorized the order of publication. In this case, the fact that the defendant *Schenck* is a non-resident was positively stated; also the fact of the inability to find him in the state after due diligence; but what particular diligence was exercised to find him does not indeed appear, nor what was used to ascertain his place of residence. Must, then, facts and circumstances be set forth in the affidavit showing what kind of diligence was used? We think not. We are disposed to hold that an affidavit which states generally that after due diligence the defendant cannot be found within the state, nor the place of his residence ascertained, is a sufficient compliance with the statute to confer jurisdiction upon the officer to make the order. The cases of *Rawdon v. Corbin,* 3 How. Pr. R., 416; *Vernam v. Holbrook,* 5 id., 3; *Van Wyck v. Hardy,* 20 id., 222; *Wortman v. Wortman,* 17 Abbott, 66, directly or by implication support the views we have expressed.

Again, it is insisted that the judgment should be reversed because from the order of reference it appears that the referee was required to ascertain the amount due the plaintiff on the note and mortgage, but was not directed to

examine the plaintiff or his agent upon oath, as to whether, any payments had been made on the mortgage debt. Undoubtedly such examination should be made in a case where there are non-resident defendants. Subd. 3, section 27, chap. 132, R. S., and Circuit Court Rule No. 30. But the question is, whether the defendant *Schenck* is in a position to raise this objection? We think he is not. It is alleged in the complaint that he is a subsequent incumbrancer, and such, we assume, is his relation to the property. Now it does not appear that he is in anywise prejudiced by this irregularity. Suppose payments had been made upon the mortgage debt, which did not appear to have been indorsed upon the note and mortgage? Still it is manifest that this is a matter which alone concerns the mortgagor, if the property is of sufficient value to discharge all liens upon it. In *Boyd v. Sumner*, 10 Wis., 41, it was held, that if the principal debtor acquiesces in a judgment to pay more than legal interest, a subsequent incumbrancer could not complain of the judgment, unless he shows that he has sustained an injury thereby. The principle there decided is strictly applicable here.

There is nothing in the record to show that *Schenck* was aggrieved by this irregularity. His proper remedy was to apply to the circuit court to set aside the judgment, furnishing some proof that he was prejudiced by the error in practice. As the record now stands, he cannot avail himself of it in this court for the first time.

*By the Court.*—The judgment of the circuit court is affirmed.