## JAMES A. COLE v. SAMUEL WALKER.

1. PRACTICE—*Order of Dismissal may be vacated.* An order dismissing a cause of action for want of prosecution, may be set aside or vacated "for unavoidable casualty or misfortune preventing the plaintiff from prosecuting his action," but this must be made to affirmatively appear by the plaintiff.

2. PETITION *to Vacate Order—Sufficiency of.* The petition to vacate an order dismissing an action for want of prosecution, must set forth the order complained of, and the grounds for vacating it; § 570, civil code. Petition in this case held not to state sufficient grounds.

### *Error from Douglas District Court.*

COLE filed a petition to vacate and set aside an order made by the district court dismissing an action for want of prosecution. *Walker*, defendant, demurred. The only question here is, whether said petition is sufficient. The facts set forth in said petition are stated in the opinion of the court. The demurrer was sustained by the district court, and plaintiff brings the case here on error.

*H. H. Howard*, for plaintiff in error:

1. It was an "unavoidable misfortune" that the attor-

neys whom plaintiff had employed in the first place, had to be dismissed by him, whereby he was prevented from prosecuting his action.

It was an "unavoidable misfortune" that the attorney last employed was not present when the case was called for trial. He had not time to employ other counsel, and found himself in court without counsel, and did not know how to proceed. The case was called the first day of the term and then summarily disposed of.

2. The petition is verified, and shows that plaintiff has a good cause of action, as required by § 572 of the code.

3. It is the spirit and intent of the code to give parties all reasonable opportunities to try their cases on the merits, and not to summarily dispose of cases involving rights of property without trial. It certainly is not "promotive of justice" to deprive a party of his property without a trial.

*Riggs, Nevison & Foote*, for defendant in error :

The plaintiff's petition does not show any diligence, nor even surprise. (*Hill v. Williams*, 6 Kas., 17.)

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff filed in the district court of Douglas county a petition to set aside and vacate a certain judgment and order of that court, before that time entered, dismissing a certain action, wherein the plaintiff in error was plaintiff, and the defendant in error was defendant. The proceeding was under §§ 568, 570, 572 of the civil code, (Gen. Stat., 743, 744.) The defendant in error, who was defendant below, demurred to said petition, on the ground that it did not state facts sufficient to entitle the plaintiff to the relief asked for in

the petition, nor to constitute a cause of action. The district court sustained the demurrer, and the plaintiff excepted, and now brings the case to this court for review.

Said petition is very loosely and inartificially drawn, and difficult to be understood, but it is believed however, that it states substantially the following facts : That the said defendant, Samuel Walker, who was sheriff of Douglas county, levied an execution in favor of James Shearer, and against F. C. Woodward, on the property of said James A. Cole ; that Cole replevied the property from Walker in an action before a justice of the peace; that the action was tried, and Walker appealed from the judgment of the justice to the district court; that the district court on the first day of the February Term, 1870, dismissed the action for want of prosecution, " with prejudice," at plaintiffs costs.

It is presumed that the dismissal was not at the first term after the appeal was taken, though the petition is silent upon the subject; and we shall express no opinion in this case, whether the court could dismiss the action " *with prejudice.*"

The plaintiff further states in his said petition, that at the time his said action was dismissed he was present in court, ready for trial, but that he had no counsel there ; but he does not state that he attempted to employ counsel, or to postpone his case, or to try it on its merits, or to do anything else to protect his rights or interests. He also states that on the morning of the day that his case was dismissed, and for at least ten days prior thereto; he had three counsel employed to attend to his case, but that about ten days prior thereto, " he had reason to believe and did believe" that two of his counsel " had sold him out," and that on the morning of the first day

of the term he discharged them; and as to his other counsel, he states, "that his said attorney was not there present, being unavoidably absent." He does not state that either of his counsel *did* " sell him out," or was untrue to him, but only that "he had reason to believe and did believe" that such was the case. He does not state his reasons for believing so, nor does he even say that he entertained such a belief at the time he discharged said counsel, or that he discharged them because of such belief. He does not state why his other counsel was absent from the court on that day; and he does not state at what time of the day the action was dismissed—it may have been. in the morning, or it may have been at six o'clock in the afternoon. His counsel may have known for ten days prior to that time that he could not attend the court on that day; and the plaintiff may have been grossly and culpably negligent himself in not knowing the same fact. His counsel may have been culpably negligent in not informing the plaintiff that he could not be at court on that day; and of course the plaintiff must suffer from any negligence of his counsel, (if such was the case,) rather than an innocent party. The petition does not state that the plaintiff exercised any diligence to ascertain whether his counsel would be at court or not. Did he go to the office of his counsel before court convened? Did he make any inquiry about his counsel after court convened? Or did he sit in court all day, waiting for his counsel to come in? The petition is entirely silent.

The dismissal of a plaintiff's action for want of prosecution may be set aside or vacated for unavoidable casualty or misfortune preventing the party from prosecuting his action; (Gen. Stat., 743, § 568, sub-div. 7;) but this must be made to appear affirmatively by the plaintiff.

No such unavoidable casualty or misfortune is shown in this case; and therefore the judgment and order of the court below must be affirmed.

All the Justices concurring.