## PARSONS v. JOHNSON.

1. **New Trial**: DEFAULT ON SERVICE BY PUBLICATION: WHO ENTITLED TO RETRIAL: CODE, § 2877.  It is only a defendant served by publication, or some one legally representing him, as agent, attorney, or possibly administrator, who has a right to appear within two years and demand a new trial under § 2877 of the Code.  The assignee of such a defendant has no right thus to appear and demand a retrial on his own account.

*Appeal from Union District Court.*

MONDAY, JUNE 8.

IN September, 1875, one J. M. Shinn, being the owner of a town lot in Creston, mortgaged the same to H. P. Chapman,

to secure the payment of $600. Afterwards Shinn mortgaged the lot to one Howell to secure the payment of certain money. In May, 1876, Howell indorsed the note secured by the said second mortgage to one Piggott by a blank indorsement, and at the same time delivered to Piggott the mortgage securing the same. Chapman commenced suit to foreclose his mortgage. A decree was obtained, and in February, 1877, the lot was sold on special execution issued upon said decree, and Chapman became the purchaser, and in November, 1878, he conveyed the lot to A. H. Parsons, the plaintiff herein. Chapman did not make Howell, the second mortgagee, a party to the foreclosure, but after Parsons, the plaintiff herein, became the owner of the lot, he commenced an action against Howell to foreclose his equity of redemption, there being no record assignment of Howell's mortgage. This action was commenced in 1881. Service of the original notice was had by publication, and on the eighth day of December, 1881, a default and decree were entered against Howell in accord with the prayer of the petition. About four days before the expiration of two years after this decree was entered, A. J. Johnson filed an application to be made a party defendant, and for a retrial of the cause; and with his application he filed an answer and cross-bill, in which he alleged that he purchased the second mortgage and note from Piggott about June 1, 1883, and that he had the right to appear and open up the default against Howell, and assert the lien of the second mortgage upon the property. Parsons filed a motion to strike the application for a retrial and answer and cross-bill from the files. The motion was sustained, and Johnson appeals.

*Spurrier & Maxwell*, for appellant.

*D. W. Higbee* and *N. W. Rowell*, for appellee.

ROTHROCK, J.—Plaintiff bases his right to appear and demand a retrial upon section 2877 of the Code, which is as follows: " When a judgment has been rendered against a

defendant or defendants served by publication only, and who do not appear, such defendants, or any one or more of them, or any person legally representing him or them, may, at any time within two years after the rendition of the judgment, appear in court and move to have the action retried; and, security for the costs being given, they shall be admitted to make defense, and thereupon the action shall be retried as to such defendants as if there had been no judgment; and upon the new trial the court may confirm the former judgment, or may modify or set it aside, and may order the plaintiff to restore any money of such defendant paid to him under it and yet remaining in his possession, and pay to the defendant the value of any such property which may have been taken in attachment in the action, or under the judgment, and not restored."

Of course, Johnson can have no right to appear and demand a new trial under this statute. He was not the defendant who was served with notice by publication, and failed to appear. His name was Howell. But Johnson claims that he has the right to appear and demand a retrial under that clause of the statute which provides that any person " legally representing a defendant" may appear and demand the right. This provision means that it shall not be necessary for a defendant to appear in person. He may appear by agent or attorney, or possibly, if deceased, his administrator may assert the right. The trouble with Johnson is that he does not appear for Howell. He appears for himself. It does not appear that he even had any business relations with Howell, and he does not claim to be acting for him. It appears that he bought the note and mortgage from Piggott about a year and a half after the decree was entered which he now seeks to open up. He bought the claim on his own account, and seeks to establish it for his own benefit. We are very clearly of the opinion that the court was correct in striking his application for a retrial from the files.

AFFIRMED.