E. H. SANFORD v. HENRY M. WEEKS *et al.*

1. PETITION IN ERROR, *Filed Too Late.* Where a petition in error is filed asking a review of two orders, in which the district court denied applications made under § 575 of the civil code to vacate a certain judgment alleged to have been obtained by fraud, and it appears that more than one year had elapsed from the making of the first order before the filing of the petition in error, the supreme court is without jurisdiction to review such order.

2. ―――― *Res Judicata.* An adjudication upon the merits of such a petition and application is a bar to another petition and application for the vacation of the same judgment upon the same grounds.

3. VACATING JUDGMENT ―*Practice.* To vacate a judgment upon the grounds stated, the petition must be filed within two years from the rendition of the judgment, unless the petitioner is under disability, and his petition should set forth the judgment; and, where he was the defendant, it should fully state the facts constituting his defense, and should show that he then had an existing and meritorious defense.

*Error from Wabaunsee District Court.*

ACTION by *Weeks* and another against *Sanford,* to declare plaintiffs to be the owners of a certain tract of land, and to quiet their title thereto. Judgment for the plaintiffs, at the May term, 1891. The defendant comes to this court. The opinion states the facts of this case—No. 8218.

*E. H. Sanford,* plaintiff in error, for himself.

*A. Bergen,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: On August 1, 1885, Henry M. Weeks and Joel P. Weeks recovered a judgment against E. H. Sanford,

decreeing that the Weekses were the owners of a certain tract of land, and quieting their title to the same as against Sanford. The cause was removed to the supreme court, and that judgment was affirmed in January, 1888. (*Sanford v. Weeks,* 38 Kas. 319.) A motion for a rehearing was filed in the supreme court, and was overruled by that court at its session in July, 1888. (*Sanford v. Weeks,* 39 Kas. 649.) Several motions and applications have since been made in the district court to obtain another trial of that cause, upon the ground that the testimony given by the defendants in error upon the original trial was untrue. These motions and applications having been overruled, plaintiff in error brought a proceeding in this court, on March 16, 1892, in which he seeks a review and a reversal of the orders made.

From the confusion in the record, it is difficult to determine the purpose of the plaintiff in error, or what were the proceedings in the court below. It appears that Sanford presented a petition for a new trial, upon the ground that the testimony given by the Weekses was untrue, and further, that he had since obtained newly-discovered evidence, corroborative of his own, that the testimony of the Weekses was false. A rehearing was had on this petition on May 28, 1890, and, upon an objection to the introduction of any evidence, it was determined by the court that the petition was insufficient in its statement of facts, and judgment was given in favor of the defendants for their costs. More than one year having elapsed since this order and judgment were entered, this court is without jurisdiction to examine or review the same. (Civil Code, § 556.)

Subsequently, and late in the year 1890, another petition was filed for the same purpose, which alleged the same grounds as were stated in the former petition for vacating and modifying the judgment of August 1, 1885. A demurrer, which challenged the sufficiency of the petition as to the facts alleged, was interposed by the defendants in error, and on May 12, 1889, it was sustained by the court, and judgment for costs was awarded to the defendants in error. A review of

this judgment is also sought.    We think the ruling must be sustained.    It appeared from the allegations of the petition that the questions attempted to be raised had been fully considered and determined in the judgment of May 28, 1890. The petition itself was insufficient, in failing to set forth the pleadings in the original case and the defense upon which Sanford relied.    The facts constituting the defense must not only be fully stated, but must show a legal and meritorious defense.   (*Mulvaney v. Lovejoy*, 37 Kas. 305.)    To supplement and sustain the petition, plaintiff in error requests us to take notice of what is contained in the record of other cases filed in this court; but this cannot be done.    We can only look to the matters and things which have been properly brought into the present record.   (*C. B. U. P. Rld. Co. v. Andrews*, 34 Kas. 563.)    The petition under consideration was not filed in the dirtrict court within the time prescribed by the statute.   (Civil Code, §§ 568, 575.)    And it does not appear that the plaintiff in error has been diligent in his attempt to vacate the judgment.    The affidavit attached to his petition, stating the evidence upon which he would rely to sustain the grounds alleged in his petition, appears to have been made on October 18, 1888, while the petition itself was not filed in the district court until December 19, 1890.

The judgment of the district court will be affirmed.

All the Justices concurring.