W. A. Erving v. The Phelps & Bigelow Windmill Company *et al.*

52    787
e77    457

52    787
e80    507

Mechanic's Lien — *Foreclosure — Leave to Answer, Refused — Error.*
    Where a party seeking to obtain foreclosure of a mechanic's lien
    makes service by publication on the parties who appear from the
    records to be the holders of prior mortgages, and where the first
    mortgage is owned by a person whose assignment has not been
    placed on record, and, on application of the second mortgagee, before any sale of the incumbered premises, the judgment is opened,
    and such second mortgagee let in to defend, and afterward the holder
    of the first mortgage moves for leave to answer, and also leave to in-

terplead, and the court grants leave to interplead, but refuses leave to answer, and afterward revokes the order granting leave to interplead, and refuses all right to be heard, and where no intervening rights have been acquired on the faith of such judgment, *held*, that the court should have permitted the first mortgagee to answer, and have his rights protected.

### *Error from Kiowa District Court.*

ACTION by the *Phelps & Bigelow Windmill Company* against *H. F. Megenity* and others to foreclose a mechanic's lien. After a judgment was entered for plaintiff, *W. A. Erving*, the mortgagee of the property, moved the court to open the judgment and to give him leave to answer in the case, which motion the court denied. *Erving* comes to this court. The opinion states the facts.

*George L. Douglass*, for plaintiff in error.

*T. E. Dempcy*, for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: The defendant H. F. Megenity executed two mortgages to George C. Strong, the first one for $500, and the second for $50. The first one was assigned to E. G. Robertson, and said assignment duly recorded. Robertson thereafter assigned it to W. A. Erving, the plaintiff in error, who did not record the assignment to him. The second mortgage was assigned to the Hartford Investment Company. On January 8, 1889, the Phelps & Bigelow Windmill Company began this suit to foreclose a mechanic's lien on the property covered by the mortgage, making service by publication on Robertson and the Hartford Investment Company. March 13, 1889, a judgment was rendered in favor of the windmill company, declaring its liens paramount to all others, and ordering the sale of the lands. Neither Erving nor the Hartford Investment Company had any notice of this suit until after the sheriff had advertised the lands for sale. On December 11, 1889, the Hartford Investment Company filed its answer and cross petition, setting up three coupons which

were secured by the first mortgage, and also a motion for an order staying the sale. Thereupon bond was given, the sale stayed, and no further order has been issued. At the first term of the court thereafter, the Hartford Investment Company made application to open the judgment, and filed an amended answer and cross petition, setting up the second mortgage held by that company. On March 27, 1890, an order was made opening and setting aside the judgment against the investment company, and continuing the case to the next term. At the same time Erving, assignee of the first mortgage, appeared and filed answer and cross petition, setting up his first mortgage, and moved the court to set aside judgment against Robertson, his assignor, and to be let in to defend as his successor in interest. Another motion was filed on behalf of Erving for leave to file an interplea, and to be made a party in said action. The application of Erving to be substituted as a defendant for Robertson was refused, but the motion for leave to interplead was allowed. Immediately thereafter, on the same day, the court vacated the order, and also set aside the order letting the Hartford Investment Company in to defend.

We are at a loss to understand why the court refused to open the judgment and give the plaintiff in error an opportunity to set up his rights. The only service in the case was by publication, notifying his assignor, Robertson, of the pendency of the action. Whether the plaintiff in error had a right to open the judgment under § 77 of the code, or brought himself strictly within the position contemplated by that section or not, it is hardly necessary to decide. It appears that the property which was the subject of controversy had not been sold; that Erving was the owner of the $500 mortgage, which it is conceded on all hands was a first lien on the premises. He had never had his day in court in fact. The judgment had been opened to let in the Hartford Investment Company. There is no reason apparent for depriving Erving of his just claim. To hold, under the circumstances of this case, that his failure to record the assignment from Robertson, and fore-

closure under service by publication on Robertson, absolutely
cut him off from all rights, where application is made to open
the judgment before actual sale of the lands, and before any
new rights have been founded on the judgment in the case, is
to do a manifest and palpable injustice. We think the court
erred in refusing to permit the plaintiff in error to answer
and set up his rights. After the court had once permitted
him to interplead, we fail to see how any change in the status
of affairs between the Hartford Investment Company and the
windmill company ought to or could affect Erving's rights.
It may be that an application for leave to file an interplea was
not technically correct in form, but the substance of the leave
desired was that the plaintiff in error might set up his interest
in the property. When the court had once granted permission
to do so, under the circumstances in this case, it was manifest
error to revoke the order and deprive Erving of all his rights
in the matter. Robertson had no longer any right to the
mortgage. Erving was the real party in interest. The mere
fact that he had failed to record his assignment should not
operate to deprive him of his rights, where no one else has
been injured in any manner by such failure.

The judgment of the court below will be reversed, with
direction to permit the plaintiff in error to answer in the case.

All the Justices concurring.