LEO N. LESLIE v. CHARLES E. GIBSON.

No. 15,977.

SYLLABUS BY THE COURT.

1. OPENING JUDGMENT—*Right of Assignee of a Party.* A person whose interest in real estate has been barred by a judgment quieting title rendered against his grantor in an action to which he was not a party, wherein service was made by publication only, has the same right to have the judgment opened and to make his defense that the party from whom he obtained such interest has under section 77 of the civil code.

2. ——— *Assignment Made after Judgment.* This rule should be applied to a person who holds title under a conveyance or assignment made after the judgment in such a proceeding has been entered, if there is no imputation of bad faith and no intervening equities are affected.

Leslie v. Gibson.

Error from Seward district court; WILLIAM H. THOMPSON, judge. Opinion filed July 3, 1909. Affirmed.

## STATEMENT.

LEO N. LESLIE commenced a suit to quiet title against several parties, including Archibald J. Berry and the Showalter Mortgage Company. Service was by publication, and judgment was rendered upon default against all the defendants. Within two years after the judgment had been entered Charles E. Gibson filed a motion to open the judgment and for leave to defend. He was not a party to the action, but was the assignee of a mortgage given to the Showalter Mortgage Company by Archibald J. Berry, assigned by the company to Celia C. Prentiss, and by her to Gibson. An affidavit made by Celia C. Prentiss was filed setting forth the making and assignments of the mortgage, and stating:

"I had no actual notice of the commencement or pendency of the above-entitled suit, affecting the southwest quarter of section number twenty-two (22), township number thirty-four (34) south, range number thirty-two (32) west, in Seward county, Kansas, until January 21, 1904. And further deponent sayeth not."

No other affidavit was filed or used in support of the motion, and there was no proof that the mortgage company had no notice of the pendency of the suit. Notice of this motion was given to the plaintiff and a full answer filed by Gibson, who set up the mortgage and asked for foreclosure. The plaintiff made no appearance at the hearing of this motion, and it was sustained, the judgment was opened, the issues tendered by such answer were tried, and on May 2, 1905, a judgment of foreclosure and sale was entered, upon which the lands were afterward sold as provided in the judgment. The plaintiff was given a lien for taxes.

On April 13, 1907, the plaintiff filed a notice of a motion to vacate and set aside the order, judgment and decree so entered in favor of Gibson. This motion was heard and denied, and this is the ruling complained of.

*V. H. Grinstead,* for the plaintiff in error.

*Thomas A. Scates,* and *Albert Watkins,* for the defendant in error.

The opinion of the court was delivered by

BENSON, J.: The contention of the plaintiff is that the order vacating the original judgment quieting title, and the subsequent judgment of foreclosure and sale thereunder, are void. It is argued that as Gibson was not a party and had no interest in the subject-matter of the action at the time the judgment was rendered, having, as his petition showed, taken an assignment of the mortgage after that date, he had no right to make the motion.

It appears that Celia C. Prentiss owned the mortgage at the time of the judgment, but as her assignment from the mortgage company had not been recorded she was bound by the judgment. · (*Utley v. Fee,* 33 Kan. 683; *Doyle v. Hays, ante,* p. 209.) At the time the action was commenced the mortgage company, although made a party, had no interest in the subject-matter. Celia C. Prentiss, although the owner of the outstanding mortgage, was not made a party, and Gibson derived his title to the mortgage after the judgment had been rendered. The civil code provides:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend." (§ 77.)

Does the word "party" as here used include only those named as such in the record, or does it embrace also those whose property rights are directly affected by the judgment? As this court has held in the cases cited above that a decree against the person in whom the records show the title to be vested is effectual against persons holding under him by conveyance pre-

Leslie v. Gibson.

viously made but not then recorded, it follows that persons so situated may incur the risk of losing their property without having been brought into court as parties. This may happen where there has been a neglect to record title deeds or assignments of mortgages or the like. In commenting on the statute in question this court has said:

"Indeed, in order to do justice to both parties, the provisions of that section should be construed in no technical way, but fairly and reasonably. Every party ought to have his day in court; and while service by publication, which in fact imparts no actual notice, must be sustained, yet a party thus served, and who has in fact no knowledge of the proceedings, ought to be granted a hearing if it can be possibly done consistent with the rights of other parties. The section provides ample protection to third parties dealing with property on the faith of the judgment, and the plaintiff certainly has no right to complain if within a reasonable time, which by statute is fixed at three years, the defendant demands an opportunity of litigating with him the justice of the claim. In fact, a judgment upon service by publication is as between the parties in the nature of a conditional judgment, one which becomes final and absolute only at the expiration of three years, and liable in the meantime to be opened whenever the defendant brings himself within the provisions of the section." (*Albright v. Warkentin*, 31 Kan. 442, 445.)

The manifest justice of allowing a person so situated an opportunity to be heard was thus referred to in *Erving v. Windmill Co.*, 52 Kan. 787:

"We are at a loss to understand why the court refused to open the judgment and give the plaintiff in error an opportunity to set up his rights. The only service in the case was by publication, notifying his assignor, Robertson, of the pendency of the action. Whether the plaintiff in error had a right to open the judgment under section 77 of the code, or brought himself strictly within the position contemplated by that section or not, it is hardly necessary to decide." (Page 789.)

In that case the application to open the judgment had

been made by one who was technically a party, and it. was held that another person not so designated but. whose interests had been barred by the decree should be allowed to interplead.

The propriety of allowing a person bound by a judgment, without having had notice of the proceedings, an opportunity to make his defense where it can not prejudice the rights of third persons is so evident that the statute will be construed to afford such right if the construction is not precluded by the language used. The expression "a party against whom a judgment or order has been rendered" may, without doing violence to its terms, be held to include any one who as assignee or grantee of a party expressly named is bound by such judgment. Such a construction is in harmony with the evident legislative purpose to give persons whose property rights are affected by a decree, based upon notice by publication only, a reasonable opportunity to be heard. It was held in New York that persons bound by a judgment, although not parties to the record, might maintain proceedings to set the judgment aside. The court said:

"Persons thus situated bear such a relation to the action that they could not only claim to be made parties during the pendency of the action, but they can also move the court and be heard in reference to any judgment rendered therein affecting their rights." (*Ladd v. Stevenson et al.*, 112 N. Y. 325, 332.)

But it is urged that these principles apply only to the person who owned the mortgage at the time the judgment was rendered, and that Gibson, having purchased it afterward, was a mere intermeddler, not being a party to the action nor in any manner interested in the subject-matter while it was pending, but taking the assignment subject to the decree. Some general expressions of text-writers and several decisions support this view. Under a statute containing the same

provisions as our own the supreme court of Nebraska, in considering the same question, said:

'  "The statute above referred to provides that 'a party against whom a judgment or order has been rendered' may, under certain circumstances, be permitted to set aside the decree and make his defense, but we know of no rule which permits a person to buy into a suit, after judgment, with full knowledge, either actual or constructive, of all the proceedings, and then reopen the case in order that litigation may be indefinitely prolonged in the settlement of supposed defenses." (*Powell v. McDowell,* 16 Neb. 424, 426.)

The same result was declared in Iowa under a similar statute (*Parsons v. Johnson,* 66 Iowa, 455),' and there are other decisions to the same effect. A contrary view was taken in *Plummer v. Brown,* 64 Cal. 429, in a brief opinion, based upon the peculiar language of the code of that state, and also in *Brown et al. v. Massey,* 13 Okla. 670. The latter decision appears to hold that the action is in a sense pending during the three-year period in which any interested party who has had no actual notice may appear and make his defense. Other authorities bearing upon the question are collected in a note appended to the report of *Furman v. Furman,* 153 N. Y. 309, in 60 Am. St. Rep. 633. In a note to the report of *Tyler v. Aspinwall,* 73 Conn. 493, in 54 L. R. A. 758, various decisions are cited and reviewed, and the opinion of the annotator is given that the right of a grantee, not a party to the record, to move to set aside the judgment in such a case does not exist, in the absence of statutory authority. While the precise question has not been decided in this court, the decisions in the Albright and Erving cases, cited above, and in *Green, Adm'r, v. McMurtry,* 20 Kan. 189, tend, to support the action of the district court. In the case last cited it was said:

"Any person interested in a suit may make a motion with reference to his interest, whether he is legally and technically a party thereto or not." (Page 193.)

(See, also, Civ. Code, § 532.)

The judgment quieting title did not finally determine that the mortgage was not a lien. That decree would not be beyond question until the expiration of three years. The owner of the mortgage was not absolutely deprived of all rights thereunder. She had the right within that time to have the judgment set aside and her lien established, upon the conditions named in the statute. It is not perceived why, having this valuable right, she could not transfer it to another, nor why such assignee should not have the same right to enforce it upon the same terms. To permit this does not affect the rights of the plaintiff in such a judgment. If the right to have it vacated exists, it is of no consequence to him in whose name it is enforced, and this should be allowed where there is no imputation of bad faith and no intervening equities are affected.

It must be remembered that the mortgage interest was not absolutely barred by the decree; if it had been the bar could not have been removed by assignment. Not being barred, if the judgment had been opened by proceedings in the name of the mortgage company or of Celia C. Prentiss the name of Gibson might have been substituted. (*Malone v. Big Flat Gravel M. Co.,* 93 Cal. 384; *Thomas v. Morris,* 8 Utah, 284; Civ. Code, § 40.) The same result was reached by a direct proceeding in his own name. Even if it should be held that this was an erroneous proceeding, it was not void.

It is urged that Gibson should at least have obtained leave to answer and an order of substitution, but the court made an order opening the judgment and allowing him to defend, tried the issues presented upon his answer referred to in the entry as being on file, and rendered judgment thereon. This was a sufficient approval of his appearance.

Finally, it is contended that the order opening the judgment was void because there was no proof that the mortgage company did not have notice of the pendency of the action in time to appear and defend. To make

the order without such proof may have been erroneous, but did not oust the court of jurisdiction, and the judgment was not void. A judgment may be erroneous but not void merely because of a defect in the proof, if the court has jurisdiction of the parties and the subject-matter. (*Brenholts v. Miller, ante,* p. 185; *Clevenger v. Figley,* 68 Kan. 699.)

The order and judgment presented for review are, affirmed.