The State v. Soffietti.

THE STATE OF KANSAS, *Appellant*, v. LOUIS SOFFIETTI et al. (LORENZO PERELLO, *Appellee*).

No. 18,346.

SYLLABUS BY THE COURT.

JUDGMENT—*Application to Set Aside After Term—Insufficient Application.* An application to set aside a judgment and grant a new trial, presented after the term at which the judgment was rendered and based upon the ground that it had been taken when there was a previous agreement between counsel for the parties that no further proceedings in the case would be had, can not be granted unless the application sets forth the judgment against the defendant and also facts showing that he has a valid and meritorious defense to the action.

Appeal from Cherokee district court; EDWARD E. SAPP, judge. Opinion filed November 8, 1913. Reversed.

*John S. Dawson,* attorney-general, and *T. T. Burr,* special assistant attorney-general, of Galena, for the appellant.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from an order granting a new trial. On December 8, 1911, an action was begun by the state to enjoin the maintenance of a common nuisance by Louis and Mary Soffietti on certain premises in Mineral City owned by Lorenzo Perello, and it was alleged that Perello had knowingly permitted the premises to be used for the illegal sale of liquors. In the petition an allowance of $100 as attorneys' fees was asked, and also that this amount together with the costs be adjudged a lien upon the premises. On April 1, 1912, judgment was rendered against all the defendants by default, the temporary injunction which had been granted was made permanent, and the attorneys' fees and costs were adjudged. to be a lien on the premises. Execution was issued thereon and the property advertised for sale by the sheriff. On June 12, 1912, and at a succeeding term of the court, Perello filed his motion asking for a new trial on the ground that he had been informed and believed that an agreement had been reached between his attorney and the attorney representing the state whereby the injunction proceedings were to be dropped and that he did not know of the existence of the judgment until he noticed that the sheriff was advertising the property for sale. In his motion, which was sworn to before his own attorney, Perello alleged that he had a defense to the merits of the action, but he did not state the nature or character of his defense. On June 15, 1912, and in absence of any one representing the state, the court heard and sustained Perello's motion, setting aside the judgment and granting a new trial. The state appeals, and insists that the court had no basis for its action, that the application which was verified by appellee's own attorney was insufficient in several respects and particularly that it did not set forth the judgment nor any defense to the merits of the action.

The application for a new trial was not made within three days after the decision of the court nor during the term of court at which the decision was rendered. It appears to be based upon the ground of fraud and falls within one of the grounds provided for in section 600 of the civil code. Under that section it is provided that the proceeding "shall be by petition verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition a summons shall issue and be served as in the commencement of an action."

The application failed in most of the essential requirements. It was not in the form of a petition, neither was it properly verified, but the mere form is of itself not a vital matter. The application did not set forth the judgment sought to be set aside nor did it set out the defense upon which Perello relied. It does not appear that any summons was issued and served, as the code requires. One of the most essential requirements in a proceeding to set aside a judgment upon the ground of fraud is absent here; that is a statement as to what Perello's answer would be or that he had and has a meritorious defense to the original action. In *Mulvaney v. Lovejoy,* 37 Kan. 305, 15 Pac. 181, this omission was held to be a fatal defect. It was there said:

"If the defendant has no valid defense, and the result of a second trial must be the same as the first, no actual injustice has been done, and it would be idle to disturb the judgment. The facts constituting the defense should be fully stated, and from them it must appear that the defendant has an existing, legal and meritorious defense. In this respect the petition in the present action is fatally defective, as well as in failing to set forth the judgment complained of." (p. 308.)

Although not of so much importance, the setting out of the judgment sought to be vacated is essential to a sufficient petition or to an order vacating one. (*Daniel*

*Hill v. Elias Williams,* 6 Kan. 17; *Cole v. Walker,* 7 Kan. 139; *Sanford v. Weeks,* 50 Kan. 339, 31 Pac. 1088.)

The proceeding to vacate, while incidental to the original action, is, in effect, a new action, equitable in character, and the initiatory steps are therefore very material. The code requires that not only a petition shall be filed, but that "a summons shall issue and be served as in the commencement of an action." (Civ. Code, § 600.)

Although the record does not show that a summons was ever issued or served in this proceeding, counsel for appellant concede, in their argument, that a copy of the motion was served on counsel about the time the motion was filed but no notice was given to appellant of the time when the motion would be heard. It may well be doubted whether this notice can be regarded as the equivalent of a summons and a sufficient basis for an order vacating a judgment, but this we need not decide. The motion itself was fatally defective in the particulars mentioned and afforded no ground for the order of vacation. It will, therefore, be reversed.