## CLARKE vs. SHOSHONI LUMBER COMPANY

(No. 1132, April 15th, 1924; 224 Pac. 845.)

JUDGMENT—PROCEEDINGS TO OPEN DEFAULT JUDGMENT—BURDEN OF
PROVING ABSENCE OF NOTICE—APPEAL AND ERROR—BONDHOLDER'S
RIGHT TO VACATE DEFAULT JUDGMENT—RIGHT OF ASSIGNEE OF
BONDHOLDER TO VACATE DEFAULT JUDGMENT—CHARACTER OF AC-
TION—SUBSTANTIAL COMPLIANCE WITH STATUTE REQUIRED—APPEAR-
ANCE AND ANSWER TO MOTION NOT WAIVER OF SUMMONS—VACA-
TION OF DEFAULT JUDGMENT FOR PRIOR DEATH OF PARTY—CLAIMANT
OF INTEREST IN BONDS BELONGING TO PARTY DYING BEFORE DEFAULT
JUDGMENT CANNOT OPEN DEFAULT—DELAYS AS AFFECTING EQUITIES
—APPEARANCE BY TRUSTEE FOR BONDHOLDERS NOT SERVED, BINDS
LATTER—MECHANIC'S LIEN UPON IRREMOVEABLE STRUCTURE—PRO-
CESS—CONSTRUCTIVE SERVICE.

1. Under Comp. St. 1920, § 5924, the burden of proving that
one moving to open a default judgment for want of per-
sonal service had no actual notice of the action in time
to appear and defend is on movant.

2. Where it appeared from some affidavits, on the hearing of
a motion to open a default judgment for want of per-
sonal service, that movant had actual notice of the action
in time to appear and defend, the Supreme Court cannot
say that the court erred in determining such question of
fact adversely to movant, particularly in view of the fact
that the burden of proof was on her.

3. Unless a default judgment against unknown bondholders,
not personally served with process in a suit to foreclose
a lien for materials furnished the company issuing the
bonds is void, a bondholder having actual notice of the
action in time to appear and defend was barred from
opening the judgment in so far as such right was barred
on bonds owned by her when the action was commenced
and final judgment rendered.

4. That one of many bondholders, against whom a default
judgment was rendered without personal service, in a suit
to foreclose a lien for materials furnished to the com-
pany issuing the bonds, had no actual notice of the ac-
tion in time to appear and defend, did not entitle another
of such bondholders, who had actual and timely notice,
to have the judgment opened under Comp. St. 1920, §
5924, in the absence of any motion on behalf of the for-

mer or anything in the latter's motion indicating that it was made for or on the former's behalf or because of any authority or assignment from him.

5. A proceeding to vacate a default judgment is in effect a new action, equitable in character.

6. Substantial compliance with Comp. St. 1920, § 5927, requiring that proceedings to vacate a default judgment because of the prior death of a party to the action, as authorized by section 5923, subd. 6, be by petition, verified by affidavit setting forth the judgment, grounds for vacation, and, if petitioner was defendant, his defense, and that summons issue on such petition and be served as at the commencement of an action, is necessary to entitle one to such relief.

7. That a purchaser of property sold in execution of a default judgment voluntarily appeared and filed an answer to a motion by a defendant to open the judgment for want of personal service and the death of another party before judgment, *held* not a waiver of the requirement of Comp. St. 1920, § 5927, that summons be served, as at the commencement of an action, on petition to vacate for the latter cause, where movant did not challenge the court's attention thereto, to the purchaser's knowledge, and no impelling equity demanded that relief be granted.

8. In view of Comp. St. 1920, § 5927, one cannot have a default judgment opened because of the prior death of a party under section 5923, subd. 6, unless she shows an interest in the subject-matter derived through decedent.

9. A corporation bondholder, against whom a default judgment was rendered, *held* not entitled to open the judgment because of the prior death of other bondholders likewise defaulted, where she filed a motion, instead of the petition required by Comp. St. 1920, § 5927, and neither such motion, which merely stated that movant had an interest in bonds against which the action abated and the names of some of the deceased bondholders, nor the affidavit attached, contained any claim that she had an interest in bonds formerly belonging to decedents.

10. Vacation of a default judgment, rendered nearly five years after the action was commenced, *held* not demanded by any impelling equity, where the motion was not filed until more than eight years, and final judgment thereon was not entered until ten years, after commencement of the action.

11.   Where many bondholders are involved in an action against them, the corporation issuing the bonds, and the trustees, the appearance of the latter will ordinarily bind the beneficiaries, though they were not personally served with process.

12.   Under Comp. St. 1920, § 4864, a judgment ordering the sale under execution of a structure to which a lien for materials attaches is valid and enforceable, though the structure cannot be removed from the land, as the purchaser is authorized to do within a reasonable time, since he may agree with the owner to leave the property on the land.

13.   An affidavit preliminary to publication of notice on unknown nonresident defendants is sufficient to authorize publication, if it states the ultimate facts in the language of Comp. St. 1920, §§ 5637, 5638, though the acts constituting alleged diligence, in ascertaining that defendants are nonresidents and cannot be served with summons in the state are not shown; no previous order of publication by the court being required, except in the case of unknown heirs.

ERROR to District Court, Fremont County; CYRUS O. BROWN Judge.

Action by the Shoshoni Lumber Company against the Big Horn Power Company and others to foreclose a mechanic's lien. There was judgment for plaintiff. Later defendant, Ella R. Clarke moved to open her default, and for leave to defend, which motion was denied and movant brings error.

*P. B. Coolidge, F. Chatterton* and *Lindsey & Larwill* for plaintiff in error.

Plaintiff in error is a party within Chap. 305 C. S., she comes in as the owner and holder of some of the bonds and is agent for other holders; her application is resisted upon inconsistent grounds, viz: that bondholders were represented by the trustee, and that bondholders were not parties, if bondholders were parties they are entitled to relief, Chap. 305 C. S.; Cadle v. McLimans, 23 Wyo. 515; they were indispensable parties, Becker v. Hopper, 23 Wyo. 209; Wyman v. Quayle, 9 Wyo. 326; Hauser v. Hoffman, 32 Mo. 334; Coe v. Ritter, 86 Mo. 277, Landau v. Cottrill, 159 Mo. 308;

bondholders are not bound by the Judgment 27 Cyc. 354; McClair v. Huddart (Colo.) 41 Pac. 832; persons joined as unknown defendants may move the reopening of a judgment, Brown v. Brown, 86 Tenn. 277; Boeing v. McKinley, 44 Minn. 392, 46 N. W. 766; Buskirk v. Ferrell, 51 W. Va. 198, 41 S. E. 123; the application for relief was in fact a petition, 4654 C. S.; appearance of Boysen was a waiver of summons, Branden v. Hoffman, 46 O. S. 639; Fitzgerald v. Cross, 30 O. S. 444; right to reopen a judgment is provided by 4650-4659; a valid defense being shown, Bank v. Anderson, 6 Wyo. 518; the judgment and attempted sale were void; the lien does not extend to chattels not part of the real estate, McMahon v. Vickery, 4 Mo. App. 225; Mill Co. v. Christophel, 60 Mo. App. 106; the lien may attach to the building as distinct from the land under certain circumstances, such as a prior mortgage on the land, 3801 C. S.; Seibel v. Siemon, 52 Mo. 363; this gives a right of removal, or if removal is impracticable, recovery of damages, Ranson v. Sheehan, 78 Mo. 668; Ambrose Co. v. Gapen, 22 Mo. App. 397; if not removable the lien attaches to the land, Johnson v. Co., 19 Mont. 30, 47 Pac. 337, and a sale of the property, Bradley v. Simpson, 93 Ill. 93; Fidelity Co. v. Dennis, 93 Va. 504; Grainger v. Co., (Ky.) 49 S. W. 447; Joralman v. McPhee, (Colo.) 71 Pac. 419; a dam affixed to land is real property, Flax Co. v. Lynn, 147 Mass. 31; a void judgment may be attacked at any time, 23 Cyc. 697; affidavit for constructive service was insufficient, 4367-68 C. S., 21 R. C. L. 1296; Bothell v. Hoellwarth, 10 S. D. 491; jurisdiction depends upon the fact of service, White v. Hinton, 3 Wyo. 754; publication insufficient, 4433 C. S., Calkins v. Miller, 55 Neb. 601; an unauthorized appearance by an attorney does not give jurisdiction, Critchfield v. Porter, 3 Ohio 519; death of a party prior to judgment is ground for vacation, 4650 C. S.; a successor in interest of deceased' may apply for vacation, Holt v. Cheyenne, 20 Wyo. 212; Ramsey v. Johnson, 8 Wyo. 476; plaintiff in error had no notice of the action and is entitled to relief, 4651 C. S., ser-

vice by publication being in derogation of the common law should be strictly construed, Parker v. Iron Wks., 3 O. C. C. (N. S.) 547; Boysen is not a purchaser in good faith; 23 Cyc. 901; Roberts v. Price, 2 O. D. 581; plaintiff in error is entitled to relief.

*W. E. Hardin* and *Haggard & O'Mahoney* for defendant in error.

Plaintiff in error was joined as an unknown bondholder but not a party against whom judgment was rendered without service other than publication as specified in 5924 C. S.; where bondholders are numerous the trustee is their representative and a judgment against him is binding, Shaw v. R. R. Co., 100 U. S. 65, 25 L. ed 757; Toler v. Co., 67 Fed. 168; Pollitz v. Co., 53 Fed. 210; Ry. Co. v. Kerr, 153 Ill. 183, 38 N. E. 638; the Missouri cases cited by plaintiff in error differ on the facts; plaintiff has not shown it is entitled to relief under 5924 C. S.; Boysen did not waive notice by appearing on the motion as to anything, except its nature and contents; unknown bondholders whose death had occurred were represented by the trustee; judgment against improvements only is not void; as they might be sold, 4684 C. S., Pickens v. Co., 31 Neb. 585, 48 N. W. 473; Shull v. Best, 93 N. W. 753; Appraisal was unnecessary; the affidavit for publication was sufficient; the appearance of Fourt was authorized; opening of the judgment would not authorize a vacation of the sale, 5925 C. S.; Boysen was a purchaser in good faith, 23 Cyc. 901; 5925 C. S., Scudder v. Sargent, 17 N. W. 369; Bank v. Haynes, 56 Neb. 394, 76 N. W. 867; plaintiff purchased the bonds after the property had been sold, with full knowledge of the sale at five cents on the dollar, she has shown no equities that warrant opening of the case; affidavit for publication in the language of the statute is sufficient, Washburn v. Buehavan, 52 Kan. 417; Taylor v. Coots, 32 Neb. 30; Calvert v. Calvert, 15 Colo. 390; Ervin v. Milve, 17 Mont. 494; where the statute provides that the person on whom service is to be made cannot after due diligence be found within the State, and that

fact appears to the satisfaction of the court, service by publication may be ordered, McCracken v. Flannagan, 127 N. Y. 493, 24 Am. St. Rep. 481.

*P. B. Coolidge, F. Chatterton* and *Lindsey & Larwill* in reply.

No rights can be acquired under a void judgment, for the reason that it is not enforceable; the dam is not removeable; a notice of motion not being process its issuance and service is not jurisdiction, Younglove v. Steinman, 80 Cal. 375; Cheatham v. Howell, 14 Tenn. 310; an appearance is waiver of notice, Mitter v. Coal Co., 28 Wyo. 439; Jennings v. Pearce, 101 Ala. 538; Cahill Co. v. Hayes, 97 Kans. 740; Acock v. Halsey, 90 Cal. 215; Braden v. Hoffman, 46 O. S. 639; Major v. Rand, 72 Ill. App. 279; judgment does not become final until application for new trial is disposed of, Luther v. Bank, 22 Wyo. 302; 5924 C. S. is complete in itself, 5932 provides procedure for vacation of judgment for death of one of the parties before judgment.

BLUME, Justice.

This case was originally brought in the district court of Fremont County, Wyoming, on March 3, 1911, by the Shoshoni Lumber Company v. The Big Horn Power Company, the Chicago Title and Trust Company, and Charles H. Jackson, as trustees, and certain unknown holders of bonds issued by the Big Horn Power Company, for the purpose of foreclosure of a lien on the part of said Lumber Company for material furnished the said Big Horn Power Company. Said bond holders were owners of 700 unregistered bonds of the Big Horn Power Company, of the denominaiton of $500 each, secured by a trust deed given to said trustees on the real property of said company in Fremont County, Wyoming, on which the Boysen Dam, hereinafter mentioned, is located. An affidavit was filed in said cause for the purpose of constructive service on said defendants. Service by publication was had, and none of the defendants appeared in the cause except the Chicago Title & Trust

Company and Charles H. Jackson, Trustees.  Those defendants answered, a trial was had, and a judgment rendered in the cause on September 11, 1915, in favor of the Shoshoni Lumber Company, giving it judgment for $7004.16 and ordering the foreclosure of a lien on a certain water power plant consisting· of the Boysen Dam and appurtenances thereunto belonging.  A motion for a new trial was filed in said cause on behalf of said trustees, which was overruled. Allen Boysen became the assignee of said judgment on December 8, 1915.  On December 22, 1915, an execution and order of sale was issued on said judgment, and proceedings were had whereby and whereunder the property on which the lien had been declared in said judgment was sold to the said Allen Boysen.

Subsequently, on September 3, 1918, a motion was filed in said cause by Ella R. Clarke to open the default in said case and for leave to defend said action.  The motion alleges generally that the applicant is the owner and holder of bonds of the Big Horn Power Company, that the affidavits filed in said cause upon which said publication was based were defective; that none of the unknown bond holders, defendants in said cause, were served with process or had actual notice of the pendency of said action in time to appear in said cause and defend therein, and had not authorized anyone to appear for them; that several of the bond holders, defendants in said cause, at the commencement of the action, died prior to the rendition of judgment herein.  The motion was accompanied by affidavit as well as an answer, which denied, in substance, the allegations of the petition filed by the plaintiff in the original action.  Other affidavits were thereafter filed in said cause, some supporting and others negativing the truth of the allegations contained in said motion of Ella R. Clarke.  No summons was issued, or notice served, but Allen Boysen appeared on June 14, 1919, setting forth certain facts denying the right of Ella R. Clarke to appear in said action for the purpose of defense.  The cause came on for final hearing on June 28, 1921, and the

motion of said Ella R. Clarke to open the default in said action and for leave to defend the same was denied. A motion for new trial was filed and overruled and said applicant, Ella R. Clarke, brings proceedings in error.

1.   The plaintiff in error claims to have the right to open said judgment under the provisions of section 5924, Wyo. C. S. 1920, providing in substance that a party against whom a judgment has been rendered without service other than by publication may, within three years after the date of the judgment or order, have the same opened and be let to defend. The section further provides that it must appear to the satisfaction of the court that during the pendency of the action the applicant had no actual notice thereof in time to appear and make his defense and that such party may present affidavits. Under the provisions of this chapter, the burden of proof that during the pendency of the action she had no actual notice thereof in time to appear and defend was upon the plaintiff in error. Casto v. Casto, 10 O. C. C. (N. S.) 268. From part of the affidavits in the record, it appears that Ella R. Clarke had no such notice, but other affidavits indicate the contrary. This question of fact was determined adversely to the plaintiff in error herein, and we are not able to say, particularly in view of the fact that the burden of proof was upon the plaintiff in error, that the trial court erred herein, and unless the judgment is void, plaintiff in error is barred from opening said judgment in so far as the right to do so would be based on bonds owned by her at the time of the commencement of said action and the final judgment rendered therein.

2.   Counsel for plaintiff in error claim in their brief that Milo J. Gabriel gave authority to Ella R. Clarke to represent his bonds in the application for relief; that it appears that he had no actual notice of the pendency of the action in time to appear in court and make defense thereto; that hence a perfect case for relief is made out. There was no motion made in the case for or on behalf of Gabriel, and nothing indicated in the motion of Ella R. Clarke that she

was making her motion for or on his behalf or by reason of any authority or assignment from Gabriel to represent him. We do not think that under these circumstances the interests of Gabriel can be taken into consideration in determining the questions herein.

3.   Counsel for plaintiff in error further claim that Ella R. Clarke states in her original application that she had an interest in bonds belonging to James K. Seebree, acquired after the original judgment in said case was entered; that the latter died before the entry of judgment herein and that as his successor in interest, Ella R. Clarke was entitled to make her application, within three years, to open up the judgment under the provisions of subdivision 6 of Section 5923 of the Wyo. C. S. 1920, providing that a judgment may be opened "for the death of one of the parties before the judgment in the action;" that it would make no difference that she herself had knowledge of the pendency of the proceedings, since she steps into the shoes of the deceased, and is entitled to all the rights which his heirs would have.   Section 5927 provides that in such case the proceedings to open the judgment shall be by petition, but plaintiff in error contends that form should be disregarded and that the motion made in this case should be treated as a petition.

Section 5932, Wyo. C. S. 1920, provides that a proceeding to vacate a judgment, based on the ground that a party to the action died before entry of the judgment, must be brought within three years after the *defendant* has notice of the judgment.   It is an interesting question as to whether or not the plaintiff in error comes within the meaning of the term "defendant" as used in Section 5932, supra.   It was held in the case of Parsons v. Johnson, 66 Ia. 455, 23 N. W. 921 that the assignee of a defendant in an action wherein he was served only by publication had no right to appear and demand a retrial upon his own motion, the court saying:

"It appears that he bought the note and mortgage about a year and a half after the decree was entered, which he now seeks to open up. He bought the claim on his own account and seeks to establish it for his own benefit. We are compelled clearly to the opinion that the court was correct in striking his motion for a retrial from the files."

In the case of Powell et al. v. McDowell, et al, 16 Nebr. 424, 20 N. W. 271 it was held that one who had bought the interest in the subject of the suit after the rendition of the judgment upon service by publication on defendants only, had no right to appear and ask to open the judgment. The court, among other things, says:

"He was not a party to the suit; no judgment or order had or has been rendered against him. The statute above referred to provides that a party against whom a judgment or order has been rendered may, under certain circumstances, be permitted to set aside the decree and make his defense, but we know of no rule which permits a person to buy into a suit after judgment with full knowledge, either actual or constructive, of all the proceedings, and then re-open the case in order that litigation may be indefinitely prolonged in the settlement of supposed defenses, and we do not think the legislature intended to establish such a rule by the enactment of the section above referred to."

In other cases, however, a different view has been expressed. See note to 54 L. R. A. 758, where a number of cases are collected, and also the case of Leslie v. Gibson, 80 Kans. 504, 103 Pac. 115, 26 L. R. A. (NS) 1063, 133 Am. St. Rep. 219. In the cases of Taylor v. Gooch, 110 N. C. 387, 15 S. E. 2 and Knott v. Taylor, 99 N. C. 511, 6 S. E. 788, 6 Am. St. Rep. 547 it was held that a judgment against a party deceased before the entry of the judgment is irregular, and may be set aside upon the motion of a person who has acquired the interest of such deceased party since the action commenced, although such person was not a party to

the suit.  None of the cases mentioned above involve the right to open the judgment on the part of an applicant who had actual knowledge of the pendency of the proceedings before final judgment, as Ella R. Clarke must be held to have had in this case.  A proceeding to vacate is in effect a new action, equitable in character.  State v. Soffietti, 90 Kans. 742, 136 Pac. 260.  And whether or not a purchaser with knowledge of the facts should be entitled to any equitable consideration might well deserve the consideration of the court.  We need not, however, decide the point, for the reason that there are other answers to the contention of the plaintiff.

Section 5927, W. C. S. 1920, provides that the proceeding to vacate the judgment on the ground of the death of one of the parties before the judgment in the action, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify, and if the petitioner was defendant, the defense to the action; that on such petition a summons shall issue and be served as at the commencement of an action.  Plaintiff in error did not comply with these provisions.  A substantial compliance therewith is necessary.  Mitter v. Black Diamond Coal Co., 28 Wyo. 439, 447, 206 Pac. 152.  The motion to vacate did not set forth the judgment.  There is no description of any judgment whatever.  The only mark of identification is the title of the case.  It was held in the case of State v. Soffietti, supra; Sanford v. Weeks, 50 Kans. 339, 31 Pac. 1088; Cole v. Walker, 7 Kans. 139; Hill v. Williams, 6 Kans. 17; Maston v. Chandler B. & L. Ass'n. 61 Okl. 230, 157 Pac. 366, that the setting out of the judgment sought to be vacated is, under the provision of the foregoing section, essential to a sufficient petition, and if we follow these decisions, we must necessarily hold that the plaintiff in error has not brought herself within the terms of the statute.  Nor was a summons issued.  It is true that Allen Boysen, the purchaser of the property, voluntarily appeared and filed his answer.  It is not, however; at all clear that at the time of

his appearance he expected to defend the motion of the plaintiff, based upon rights which she had acquired through a defendant in said action who died before the entry of the judgment. A summons would not be necessary if the plaintiff based her right solely upon the ground that she was personally interested in said action and had been served only by publication. Allen Boysen might have been willing to have waived the notice, required to vacate the judgment in such cases, but might not have been willing to have waived the requirements under 5927, supra, and might have desired to| make an altogether different defense, under a petition brought in accordance with that section. See Mitter v. Black Diamond Coal Co., 28 Wyo. 439, 447, 206 Pac. 152. It may be, since the description of a judgment and the issuance of a summons become largely matters of form where the adverse party appears and defends, that no great stress should be laid thereon, if it otherwise clearly appears that an applicant asking to open the judgment challenges the attention of the court, to the knowledge of the adversary, under section 5927 supra, or where an impelling equity demands that relief be granted. But neither of these conditions exist in the case at bar, as we shall proceed to show. Section 5927, supra, provides, as has been said, that the grounds of the vacation must be stated in the petition. As applied to the question now before us, the death of a party would, of course, have to be alleged. But that, we believe, would not be alone sufficient to comply with the foregoing requirements of the statute. An additional requisite would seem to be a showing that the party seeking to vacate the judgment has an interest in having that done. Ella R. Clarke could not ask that to be done simply for the benefit of some one else. She must be the real party in interest. She could not have the judgment opened on the ground of the death of a party, at least unless she shows an interest in the subject matter involved, derived through such deceased person. Counsel for plaintiff in error seem to realize this fact, for they state in their brief that ''in her original

application, Ella R. Clarke states that she has an interest in
bonds formerly belonging to James K. Seebree.'' We do
not so construe the motion to vacate. The only statement
therein which refers to her having acquired interests from
other parties is as follows:

"That several of the bond holders, defendants herein at
the commencement of the action herein, died prior to the
trial of this action, and the rendition of the judgment here-
in sought to be vacated, and which judgment, although void
and a nullity, is a cloud against property covered by the
trust deed securing said bonds. The movant and defendant
herein has an interest in bonds against which this action
abated. The names of some of said decedents against whom
the action abated and was not revived are James K. Sebree,
who died during the year 1913, Gideon A. Russell, who died
November 8, 1915, prior to the issuance of any execution or
sale thereunder.''

The foregoing allegation certainly does not support the
claim now made that Ella R. Clarke was the representative
of James K. Sebree. The affidavit attached to the motion
contains no such claim, and in fact does not even mention
or set forth as much as the motion. Further, the affidavit
of John T. Clarke, made on June 4, 1919, specifically states
that James K. Sebree died on November 17, 1913; that Ella
R. Clarke is the owner of four bonds formerly belonging to
the estate of James K. Sebree, and that these four bonds
were part of the estate of James K. Sebree until May 8,
1919. That was eight months after the motion to vacate
the judgment was filed herein, and we do not see how it
could possibly be said that Ella R. Clarke was seeking, by
her motion, to set aside the judgment as representative of
said James K. Sebree. If, at the time of the motion to va-
cate, plaintiff in error claimed interests through other de-
ceased persons, that fact should, we think, have been stated
and shown, to enable the court to determine whether the
judgment should be vacated or not. But that was not done.

If, as a matter of fact, Ella R. Clarke claimed to own any interests, derived through persons that died before the entry of the judgment, then she avoided letting the court know the facts. Her conduct in that respect can only be explained on the theory that she made no such claim, and the fact that she filed a motion and not a petition and that no summons was issued is corroboration thereof. Nor do we think that there is an impelling equity demanding the vacation of the original judgment. There should be an end to litigation at some time. The original action herein was commenced in 1911. Judgment was not taken therein until nearly five years thereafter. The motion to vacate was not filed until 1918, more than eight years after the original action was commenced. Final judgment was not entered on the motion to vacate until 1921, ten years after the commencement of the original action. It seems strange that the parties should have paid so little attention to their interests and still be entitled to equitable consideration at the hands of the court. Nor can we overlook the fact that the trustees for the bond-holders actually appeared in court and defended the original action. It seems to be the rule, generally recognized, that where a great number of bondholders, as in this case, are involved, the appearance of the trustee will ordinarily bind the beneficiaries. 39 Cyc. 455; 27 Cyc. 1567; Beach on Trusts & Trustees, Sec. 754; Merz v. Mehner, 57 Wash. 324, 106 Pac. 1118; Ogden v. Spherett (Tex. Civ. App.) 236 S. W. 143; Wiltsie on Mtg. Foreclosures, Sec. 168. We need not lay down any definite rule on that subject and mention it merely to show its bearing on the equities in this case.

4.   It is contended by plaintiff in error that the Boysen dam, ordered to be sold under the judgment, is of concrete and not bodily removable from the land; that the only right obtained upon sale of the land is that of removal; that hence the judgment is not enforceable and, therefore, void. The contention is a novel one. No authority, in point, support-

ing it, has been cited.  Section 4864, Wyo. C. S. 1920, provides:

"The lien for the things or materials furnished or work and labor performed shall attach to the buildings, erection or improvements for which they were furnished, or the work and labor was done, in preference to any prior lien or incumbrance or mortgage upon the land upon which said buildings, or erection, improvements or machinery have been erected or put, and any persons enforcing such lien may have such building, erection or improvements sold under execution, and the purchaser thereof may remove the same within a reasonable time thereafter; and such lien shall be preferred to all other incumbrances which may be attached to or upon such building or other improvements or the ground, lot or land upon which they are situated or located, or either of them, subsequent to the commencement of such buildings or improvements."

Under this statute it is clear that a lien is granted on the erection and improvement for which the material is furnished, and there can be no doubt that under it the court has the right to declare such lien and order it to be sold. The judgment need not contain, as it did not in this case, any reference to the right of removal; that right is granted by the statute independent of any judgment in the case. If the structure cannot be removed, the inability does not arise out of the judgment, but out of physical conditions entirely separate and apart from it. In such case it is not the judgment that cannot be enforced, it is the possibility that the *removal* may be ineffective by reason of such physical conditions. There are many judgments that do not produce the desired result. A judgment against an insolvent person cannot be *enforced* in a certain sense, and yet no one would make the contention that the judgment would be void on that account. The lack of possession of property to satisfy the judgment is a physical fact just as much as the difficulty or inability to remove a dam, though different

in kind. Nor is it true that the structure on which the lien exists must necessarily be removed in all cases. There is no reason that we can see, why the purchaser of the improvement may not make an agreement with the owner to leave the property purchased on the land on which it stands. That may have been done in this case. The plaintiff is at most a mortgage lien holder and until foreclosure sale and purchase by her of the land, she could not object to such agreement. We need not determine what equitable order, if any, the court would be authorized to make upon the event of such foreclosure of the mortgage.

5. The affidavit filed, preliminary to the publication of the notice to the unknown owners of bonds, stated that their residence was unknown "and cannot with reasonable diligence be ascertained; that such defendants on due inquiry cannot be found; and that service of a summons cannot be made within the State of Wyoming on such defendants." It is contended that this affidavit is insufficient as a basis for publishing notice; that it should show the acts constituting the diligence used in ascertaining that the parties are non-residents and cannot be served with a summons in the state. Section 5638 Wyo. C. S. 1920 provides:

"Before service by publication can be made, an affidavit of the party, his agent or attorney, must be filed showing that service of a summons cannot be made within this state, on the defendant to be served by publication, and that the case is one of those mentioned in Sec. 5636; and when such affidavit is filed, the party may proceed to make service by publication."

Section 5637 provides that if the residence of any of the defendants is unknown, then and in that case an affidavit must be filed before the hearing "that the residence of the defendant is unknown, and cannot with reasonable diligence be ascertained."

There are many cases which hold that the acts constituting due diligence must be shown. This is mainly, if not en-

tirely, held by courts in states where the statute requires the court to make an order of publication subsequent to the filing of the affidavit. The cases are not, however, unanimous in that holding. See National Exch. Bank v. Stelling, 31 S. C. 360, 9 S. E. 1028; Salisbury v. McGibbon, 58 App. Div. 524, 69 N. Y. S. 258. No previous order of publication by the court is required under our statute except in the case of unknown heirs, and it is generally held that where no such requirement is made, an affidavit stating the ultimate facts in the language of the statute is sufficient. Ogden v. Walters, 12 Kan. 282; Washburn v. Buchanan, 52 Kan. 417, 34 Pac. 1049; Taylor v. Coots, 32 Nebr. 30, 48 N. W. 964, 29 A. S. R. 426; Erwin v. Milne, 17 Mont. 494, 43 Pac. 706; Calvert v. Calvert, 15 Colo. 390, 24 Pac. 1043; Crombie v. Little, 47 Minn. 581, 50 N. W. 823; Farmers etc. Bank v. Eldred, 20 Wis. 196; Young v. Schenck, 22 Wis. 556; Sueterlee v. Sir, 25 Wis. 357. We think that the accepted opinion in this state for many years among lawyers, courts and legislatures has been that an affidavit stating the ultimate facts in the language of the statute is sufficient, and we are not disposed, in view of the foregoing authorities, and the established practice for many years in this state, to hold otherwise and thereby disturb, perhaps, hundreds of titles and many marital settlements by the courts.

We need not consider other points raised in the argument. The judgment herein, refusing to open the default to enable the plaintiff to defend, should accordingly be affirmed. It is so ordered.

POTTER, Ch. J., and DISTRICT JUDGE BURGESS, who sat in place of KIMBALL, J., concur.

NOTE—See 4 C. J. pp. 847, 1322; 23 Cyc. pp. 889, 920, 913, 948, 949, 953, 958; 27 Cyc. p. 431; 32 Cyc. p. 479.