JOHN H. BRADFORD & another, trustees, *vs.* REBECCA M.
BRINLEY & others.

Suffolk. March 15. — Sept. 22, 1887. KNOWLTON, J., absent.

A testator by his will gave his homestead at W., after the death of his wife, to his
two sons, A. and B., in fee ; the sum of $300,000 to trustees, in trust to pay the
income to his wife during her life, and at her death to pay to such person as she
should by her will direct $50,000 of the principal of said sum, and to pay the
residue of said principal sum into the residuary fund of the estate ; and gave
the residue of his estate to trustees, in trust to divide the same into two equal
parts for the benefit of his two sons, to subdivide each of such parts into two
equal parts, to pay one of the parts, after the subdivision, to each of the sons
absolutely, and to hold the other part and pay the income of the same to each
son, or his wife or family, during his life, and at his death to such persons as he
should by his will direct. A. died before his mother, leaving a will, by the first
clause of which he gave to his wife, " except as otherwise provided in the subse-
quent articles " of the will, the use during life of all the property of which he
should die possessed or entitled to, or which he could dispose of, and also the
income of all property devised by his father's will of which he could direct the
disposition, " not included in the foregoing gift to her of a life estate therein ; "
and in case any subsequent gift or direction in the will should fail, he gave the
use or income of all the property in respect to which the gift or direction should
so fail to his wife for life. The third article of A.'s will, after reciting that,
whereas by his father's will certain property, including his homestead at W.,
was devised to be held in trust for the benefit of his mother during her life, and
that one half of the same or the proceeds thereof might be disposed of by A.
subject to his mother's interest therein, directed that his wife, if living at the
time of his mother's death, should have the use and enjoyment of that part of
said property " which is thus liable to be disposed of by me, or of the income
thereof, if my power extends no further than to dispose of the income," until
the eldest of his children who survived him attained his majority, at which time,
if his wife was still living, his executors were directed " to set apart, out of the
said property, a fund for the benefit of said child, consisting of money or securi-
ties, or partly of money and partly of securities," to the amount or value of
$100,000; and when his second child who survived him attained his majority,
his executors were directed " to set apart " for his benefit a "similar " fund of
$100,000 ; and so on in succession as each child attained his majority, until a
fund of $100,000 had been set apart for each of his children who should attain
majority ; and further provided that his wife should continue to have the use
and enjoyment during life of the remainder of the property, or its income, after
such funds were successively set apart; and that, at any time after his mother's
death, his wife might give to any of his children, or their issue, absolutely and in-
defeasibly, any part of the capital mentioned in this article or in the first article,
" except such portion thereof as may have been set apart to constitute any of
the funds mentioned in this article, or which it is necessary to retain in order to
constitute all of said funds," and that every division subsequently provided for
in the will should be made without reference to such gift. By subsequent

clauses of the will the testator indicated his intention that his children should share his property equally. A.'s children, of whom there were three, all survived him, and their mother was also living. A.'s mother died after A. The real estate in W., mentioned in the will, was conveyed by A. in fee to his mother before the date of his will. The trustees of A.'s will received from his father's estate the sum of $389,000, of which $125,000 was from the fund of $300,000. *Held*, that the reference in the third article of A.'s will to the fund for the benefit of his mother was so definite as to exclude the construction that he meant to refer to his power over his part of the entire residuary estate of his father. *Held, also*, that the legacies given by the third clause of A.'s will to his children were demonstrative, and not specific; and that a legacy of $100,000 to each of the children must be paid in full, on each child coming of age.

BILL IN EQUITY, filed February 1, 1887, by the trustees under the will of Samuel Dexter Bradford, late of Newport, in the State of Rhode Island, deceased, against Rebecca M. Brinley, formerly Rebecca M. Bradford, widow of the testator, and the three children of the testator, to obtain the instructions of the court as to the construction of the will.

The case was heard by *Holmes*, J., and reserved for the consideration of the full court, on the bill, the answers of the several defendants, and certain agreed facts; and was as follows:

Samuel D. Bradford, formerly of West Roxbury, the father of the testator, died in 1865, leaving an estate inventoried at $1,595,334. By his will, which was duly admitted to probate, he devised his homestead estate in West Roxbury to his widow for life, with remainder in fee to his two sons, Samuel Dexter Bradford and John H. Bradford. He also bequeathed the sum of $300,000 to trustees, in trust to pay the income to his widow during her natural life, giving her the power to dispose by will of $50,000 of the principal fund, and directing that at her death the residue of the fund should be paid into the "residuary fund" of his estate.

The residuary clauses of this will were as follows:

" All the rest and residue of my property and estate, of whatsoever kind and wheresoever situated, real, personal, or mixed, of which I shall die seised or possessed, or to which I shall be entitled at the time of my decease, or which may, by any means or cause whatsoever, be added to my estate, or come to my heirs or legatees through me, in my right, I give and bequeath to the trustees hereinafter appointed, to be held by them in trust for the following uses, purposes, trusts, and limitations, and no other,

viz.: to pay such sums as they shall deem fit and proper for the support and education of my second son, John Henry Bradford, during his legal infancy, and when said son shall attain the age of twenty-one years then to divide the said property and estate mentioned in this item of my will into two equal parts or portions, in such way and manner as they shall deem just and equitable; one of such parts to be for the benefit of each of my sons, Samuel Dexter Bradford, Junior, and John Henry Bradford, and their heirs, and to be paid to them by the said trustees in the following manner, to wit, the part or portion of each of my said sons shall be divided into two equal parts, and one part or moiety be paid to him by the said trustees to be held by him, his heirs and assigns forever, and the other part or moiety shall be held by the said trustees, and the income and interest thereof, as it may accrue, be paid over to him, or his wife or family, if he have any, as the said trustees shall deem proper and expedient, during his natural life, and at his decease the last-mentioned part or moiety to be paid over to such person or persons, and under such limitations, regulations, and conditions, as he shall by his last will and testament direct and appoint, if he shall leave such an instrument; and if he shall not leave a last will and testament, then to be paid to his children if he leaves any, in equal proportions, share and share alike.

" In case either of my sons shall decease leaving no issue, and having made no testamentary disposition as aforesaid, then I direct the said trustees to transfer all the funds in their hands belonging to the deceased son to the surviving son, to be paid over to him, his wife, family, legatees, or heirs, in the same way and under the same conditions as are heretofore provided for in regard to his own share of my estate."

On January 12, 1873, Samuel Dexter Bradford, the son, died in the city of New York, leaving a will, duly executed at Newport on October 26, 1872, which was admitted to probate on February 2, 1876, in the county of Norfolk in this Commonwealth; and the plaintiffs were appointed trustees thereunder on July 14, 1886. The testator left a widow and three children, all of whom are now living and are over twenty-one years of age. His will contained the following clauses:

" Article 1.   Except as otherwise provided in the subsequent articles of this will, I give, bequeath, and devise to my wife Rebecca the use, benefit, and enjoyment, during her natural life, of all the estate and property, real, personal, or mixed, whereof I may die seised or possessed, or to which I may-in any manner be entitled, either at law or in equity, of which I am authorized by my father's will, or by any instrument, to dispose, or to direct or appoint the uses, ownership, payment over, distribution, or other disposition, by my last will or otherwise ; and I direct and appoint the said Rebecca to receive, have, and enjoy, for her own use and benefit, during her natural life, the income of the estate and property devised and bequeathed by my father's last will for the benefit of myself and my family, or of any other person, whereof I am authorized by my father's will or by any instrument to dispose of the income, or to direct or appoint the uses, ownership, payment over, or other disposition of such income, and which is not included in the foregoing devise and bequest to her of a life estate or life interest therein.   And if, for any reason, any of the devises, bequests, appointments, or directions contained in any of the subsequent articles of this will are wholly or partly prohibited by the law governing the same, or are insufficiently made to take effect as therein intended, then I give, devise, and bequeath to the said Rebecca the use, benefit, and enjoyment, during her natural life, of all the property with respect to which such devise, bequest, appointment, or direction is thus prohibited or insufficiently made, or I appoint the income thereof to be paid to her during her life, according as my power to dispose of or with respect to the same extends.

" Article 2.   I give and devise to my said wife Rebecca, to be held and enjoyed by her, her heirs and assigns forever, as her own absolute property, the dwelling-house and all the adjacent land at Newport, Rhode Island, constituting my residence and homestead, and all my interest, right, or title therein or thereto, either at law or in equity.   And I give and bequeath to her, as her absolute property, all ready money on hand at the time of my decease ; all debts, claims, and demands, due to me ; all securities owned by me personally, as distinguished from those held in trust for me ; together with all horses, with their

harnesses and equipments, all carriages and other vehicles, all wearing apparel, watches, jewelry, and other ornaments, all paintings and other works of art, all books, all silver ware, plated ware, china, glass, carpets, linen, and household furniture of every description which I own, or am entitled to dispose of.

" Article 3. Whereas, by the terms of my father's will, certain property, real and personal, including his homestead at West Roxbury, Massachusetts, is bequeathed and devised to be held in trust or otherwise, for the benefit of my mother, during her lifetime, and one half of the same or of the proceeds thereof may be disposed of by me, subject to her interest therein or the trusts for her benefit; I do therefore order, direct, and appoint that if my said wife is living at the time of my mother's death she shall have the use, benefit, and enjoyment of that part of said property which is thus liable to be disposed of by me, or of the income thereof, if my power extends no further than to dispose of the income, till the eldest of my children who survives me attains his or her majority.  When that event happens, if she is still living, my executors are hereby directed to set apart, out of the said property, a fund for the benefit of said child, consisting of money or securities, or partly of money and partly of securities, to the amount or value of one hundred thousand ($100,000) dollars.  When my second child who survives me attains his or her majority, my said executors are directed to set apart for his or her benefit a similar fund of one hundred thousand dollars ; and so on in succession, as each child attains his or her majority, until a fund of the amount or value of one hundred thousand dollars has been set apart for each of my children who attains majority.  My said wife shall continue to have the use, benefit, and enjoyment of the remainder of the property, or of the income of such remainder as the case may be, as each successive fund is set apart, (and of the remainder, after all the funds are set apart,) during her lifetime as aforesaid.  And I order, direct, and appoint that at any time after my mother's death my said wife may give to any of my children, or to any issue of such child, absolutely and indefeasibly, any part of the capital of the property mentioned in this or in the first article of this will, except such portion thereof as may

have been set apart to constitute any of the funds mentioned in this article, or which it is necessary to retain in order to constitute all of said funds. And every division to be afterwards made, as hereinafter provided, shall be made without reference to such gift, the residue only being divided.

" Article 4. Immediately after the death of my said wife, my surviving executors are directed to divide all the estate and property mentioned in any part of this will, except that mentioned in the second article thereof, into as many shares as I shall leave children me surviving, who have also survived till their mother's death, or who have died and left issue surviving at that time. If my mother dies before my wife, any of the funds which have been set apart as provided in the third article of this will shall be accounted part of the share to which the child or the issue of the child for whom it was so set apart would be entitled at my wife's death ; but it shall not again be divided as part of the estate mentioned in this article. If, on the other hand, my wife dies before my mother, the division provided for in this article shall be made without reference to the property bequeathed and devised by my father for my mother's benefit, as stated in the foregoing third article ; and after my mother's death that portion of said property which is subject to my disposition, as therein stated, shall be divided into as many shares as I shall leave children me surviving, who have also survived till their grandmother's death, or who have died and left issue surviving at that time. And in order to enable them the better to make the division or divisions herein provided for, and to discharge their powers and duties under this will, I hereby bequeath and devise to said executors and the survivor or survivors of them, in trust for the purposes herein mentioned, all the property mentioned in this will, except in the second article thereof, subject to the life estates and interests of my said wife and mother respectively.

" Article 5. Every fund or share to be created or set apart as hereinbefore provided for shall be equal in value or amount, in my executors' judgment, to every other fund or share to be created or set apart at the same time. Every fund or share created or set apart for the benefit of the issue of a deceased child shall be immediately paid, delivered, or transferred to such

issue. Every fund or share created or set apart for the benefit of a child who is then living shall be held and managed by my executors, during the lifetime of that child, in trust to invest and reinvest the same, and to pay over the clear income thereof, deducting expenses, to that child, as the same accrues, and not otherwise, the anticipation of any such income being hereby expressly prohibited. At his or her death, leaving surviving issue, such issue shall take absolutely the capital and unexpended income of such fund or share. But if such child leaves no surviving issue, he or she may dispose of the capital and unexpended income by a last will and testament, but not otherwise. In default of any such disposition, such capital and unexpended income, or the part thereof not disposed of, shall be equally divided between my other children then surviving and the surviving issue of those who may be dead. Such issue to take the share to which the parent would have been entitled if living.

" Article 6. Whenever the issue or surviving issue of any deceased child is mentioned in this will, descendants of all degrees are included ; and the issue of any deceased descendant shall take by representation and in severalty the share which the parent would have taken if living.

" Article 7. If my said wife shall marry again, no property or income to which she is entitled by any portion of this will, except the second article thereof, shall be received by her husband, or liable for her debts or the debts of her husband.

" Article 8. I appoint my said wife to be the guardian of my children, and I desire that my said children make my mother's house their home during their minority, and my daughters afterwards, except in the event of their marriage. But I wish my eldest daughter, Julia Emma, to continue to live with my mother until the death of the latter."

The real estate in West Roxbury, mentioned in article 3 of the will, was conveyed by the testator in fee to his mother, Julia E. Bradford, long prior to the date of said will, and the real estate mentioned in article 2 of the will, situate at Newport, was conveyed by the testator, long prior to the date of the will, to Arthur W. Austin, in trust for the creditors of said testator and for other purposes.

Julia E. Bradford, the mother of the testator, died on August 15, 1886, leaving a will, which was duly admitted to probate, and by which she exercised the power given her by the will of her husband, and disposed of the sum of $50,000.

The plaintiffs have received, as trustees, from the residuary estate of Samuel D. Bradford of West Roxbury, the sum of $389,101.43. This sum includes $125,000 which the trustees received from the trust fund of $300,000 created by the will of said Samuel D. Bradford. Rebecca M. Brinley has received no property absolutely under the will of her husband, except some household property; but she has received since January 1, 1876, the income of one quarter of the residuary estate of Samuel D. Bradford of West Roxbury, amounting since the death of her husband to the sum of $156,278.89.

*H. G. Parker*, for the testator's widow, and *E. L. Rand*, as guardian *ad litem* for persons not known and not in being, contended that the legacies to the three children of the testator, given by article 3 of his will, were specific, and not demonstrative, and were confined to the fund of $125,000.

*F. J. Stimson*, for the children of the testator, contended that the legacies were demonstrative, and were to be paid out of the whole fund derived from the residuary estate of the testator's father.

HOLMES, J. It may be conjectured with some plausibility that what the testator really had in mind in the third article of his will was the whole trust of one quarter of the residue under his father's will, — a fund which would be sufficient to give all the children their legacies, even on the view that the legacies to them were specific. But, in the opinion of the majority of the court, the description of the fund is so definite as to exclude this construction, which could be reached only by a somewhat violent transposition of language which is plain as it stands.

The case between the widow and children, therefore, must depend upon the question whether the legacies to the children are specific or demonstrative.

We must assume that the testator remembered that, before the date of the will, he had conveyed away the West Roxbury homestead mentioned in article 3, as the will does not necessarily imply the contrary. The homestead is only mentioned

as part of the property left by the testator's father to be disposed of by the testator, subject to his mother's life interest, and serves to identify the fund referred to. But the testator only affects to dispose of the property which "is" liable to be disposed of by him, or of the income if his power "extends" no further than to dispose of the income, — using the present tense and words which are satisfied without attributing to him an attempt to devise the homestead which he no longer owned.

The fund in question, therefore, could not be more than $150,000, or possibly $175,000, because that was the largest sum which could come to him under the clauses of his father's will referred to. And as he directed that his wife should receive the whole income of the fund until the time for setting apart the first $100,000, and the income of what remained after each sum of $100,000 was set apart, the testator could not have expected the fund to be increased by accumulations. It follows that he could not have expected the three funds of $100,000 each to be raised from property by no possibility amounting to more than $175,000. We may add a further consideration. The testator contemplates in terms the possibility that his power may extend no further than to dispose of the income of the specific property mentioned. This makes it still harder to suppose that he relied on this property alone. The reason for the testator's doubt points the same way. The property which he deals with in the third article did not come to him as a separate fund, but was left to him along with that which he disposes of in article 1, as part of the residue under his father's will. For, although his father's will created a separate fund of $300,000, at least $250,000 of it was to be paid into the residuary fund upon his father's widow's decease, and his own title was only under the residuary clause, making the present testator and his brother residuary legatees, and giving one half of his half to the present testator outright, and the other half in trust for him or his family, &c. Hence the testator actually received his share of the $300,000 as part of a larger fund, and the separation of a part of the residue from the rest with reference to its remote origin is purely imaginary.

The testator does not say that the sums for the other children after the first shall be raised from the property mentioned in

article 3, but simply that they shall be set apart. He then goes on to empower his wife to give his children any part of the capital mentioned in this or in the first article, " except such portion thereof " as may have been set apart, or may be needed to constitute the funds of $100,000. " Thereof " refers grammatically to the capital mentioned in the first article, as well as to that mentioned in the third; and on its face the clause imports that a portion of the capital mentioned in the first article may be needed to constitute the funds. In view of the arbitrary character of the separation between the capitals mentioned in the two articles, and the certainty that the fund mentioned in the third article would be insufficient, this interpretation seems not only grammatical, but reasonable.

The whole difficulty is raised by the direction, when the first child reaches majority, " to set apart out of the said property," i. e. out of the $150,000, " a fund for the benefit of said child, consisting of money or securities, or partly of money and partly of securities, to the amount or value of one hundred thousand dollars." It is argued that this legacy is specific ; and that the direction to " set apart " " similar " funds for the other children must be taken to mean legacies of the same character, and is further shown to have this meaning by the provision that the testator's wife shall continue to have the use, &c. of the remainder of the property.

Whether the legacy to the first child is specific or not, it cannot be allowed to cut down or to limit the legacies of like amounts to the other children, which are not made specific in terms. The testator shows by articles 4 and 5 that he means his children to share his property equally, while the result of holding all the legacies specific would be to give the first child $100,000, if the fund was sufficient, the second not more than $75,000, and the third nothing, and the facts leading to this result were known to the testator.

The gift of the use of the remainder of the property to the testator's wife is made sensible by taking " the property " to include that mentioned in the first article, of which also she is given the use for life. When the specific property of $150,000 is referred to earlier in the article, it is referred to as " the said property." In this connection, again, the arbitrary character

of the separation of the property mentioned in article 3 should be kept in mind.

There is enough to pay the legacy to the first child, upon any construction of the will. The result will be the same, whether we suppose that the testator began by specifically disposing of the fund described, and then, for the sake of equality, gave to the other children general legacies of the same amount as the specific legacy to the eldest, or say that all the legacies are demonstrative. Many cases of weight, although not binding upon us as authority, go far towards deciding that the legacy to the first child, if it stood alone, even, should be regarded as demonstrative. It is unnecessary to consider how far they are reconcilable with *Bliss* v. *American Bible Society*, 2 Allen, 334, and other Massachusetts cases. See *Boys* v. *Williams*, 2 Russ. & Myl. 689; *Cunliffe* v. *Cunliffe*, 23 W. R. 724; *Sparrow* v. *Josselyn*, 16 Beav. 135; *Vickers* v. *Pound*, 6 H. L. Cas. 885; *Mytton* v. *Mytton*, 44 L. J. Ch. 18; *Bowen* v. *Dorrance*, 12 R. I. 269.

For these reasons, a majority of the court are of opinion that, as article 1 is in the nature of a residuary clause, and the gift to the testator's widow is subject to the provisions of the other articles, the legacies of $100,000 to each of the children must be paid in full. *Decree accordingly.*