## MITTER v. BLACK DIAMOND COAL CO.
### (No. 998; Decided April 18, 1922; 206 Pac. 152)
### (On rehearing, see 27 Wyo. 72)

APPEAL AND ERROR—FINAL ORDER—PLEADING—NEW TRIAL—DEFAULT —MOTION FOR NEW TRIAL—NOTICE OF APPEAL—VACATION OF DE-FAULT JUDGMENT—JUDGMENT—DISMISSAL: NON-SUIT—ORDER VA-CATING DISMISSAL.

1. An order entered on a petition or motion to vacate a judg-ment under Comp. St. 1920, §§ 5923-5934, is a final order from which an appeal lies, though an order denying a motion for a new trial under Section 5870 is not appeal-able.

2. The name or title given to a pleading or motion may be disregarded if its contents make its purpose so clear that no one is misled.

3. Where judgment by default was rendered against defend-ant after his motion for leave to answer had been denied, so that there was no judicial investigation of an issue of fact, there was no purpose to be served by a motion for a new trial, which is a re-examination of an issue of fact.

4. Under Comp. St. 1920, § 5872, a motion for a new trial must be filed at the term the verdict, report, or decision is rendered, and a motion for new trial after judgment on default, filed at the term after the judgment was rendered, was too late if it had been an appropriate proceeding in such a case.

5. Where a motion for new trial was not the proper remedy because the judgment had been rendered by default, and where the time for filing such motion had expired, a mo-tion, designated as a motion for new trial, which applied

for a vacation of certain proceedings, including the judgment, and for leave to make a defense by filing answer, calling witnesses, etc., and which was verified and notice of its filing given, can be considered a motion to vacate the judgment from which an appeal may be allowed, even though it was not so considered by the court below.

6.  Under Comp. St. 1920, § 6402, requiring the notice of appeal to be both served and filed within 10 days from the entry of the order or judgment from which the appeal was taken, the proof of service need not be on the notice of appeal filed in the record, and is sufficient if it shows the service was made within the 10 days, though it was not filed until after the expiration of that period, but was filed in time to become properly a part of the record on appeal.

7.  Under Comp. St. 1920, § 5927, requiring proceedings to vacate a judgment for the grounds stated in Section 5923, subds. 4—10, to be by verified petition stating the grounds, on which a summons shall issue and be served as in the commencement of a case, and if the party applying was defendant requiring a defense to be stated, a motion designated as a motion for new trial, which did not set forth the judgment nor state a defense to the action except by reference to an answer tendered before judgment, and on which no summons was issued, cannot be considered a petition, since it fails to comply substantially with the requirements of that section, but can only be considered as a motion to vacate the judgment for grounds stated in other subdivisions of Section 5923.

8.  The issuance and service of summons on a petition to vacate a judgment is not waived by appearance at the hearing, where neither the motion itself nor the notice thereof were such as to inform the opposite party that the motion was a petition as required by statute; it being designated a motion for new trial.

9.  An order, reciting that the defendant was in default and that the case was heard upon plaintiff's petition and evidence, which were insufficient to warrant a judgment for him, and dismissing the action was not a decision on the merits, but only a judgment of nonsuit, or of dismissal under the Code practice, which the court, in the exercise of its inherent power to control its judgments dur-

ing the term at which they were rendered, could vacate and thereby reinstate the action.

10. Where defendant was in default, it was not necessary to give him notice before vacating a judgment dismissing the action for insufficiency of plaintiff's proof by an order entered at the same term during which the action was dismissed.

11. An order, reinstating a cause which had been dismissed for insufficiency of plaintiff's proof after defendant's default entered during the term at which the case was dismissed for sufficient reasons, and which might have been entered by the court of its own motion, will not be reversed because the motion therefor did not comply with the requirements of a motion for a new trial prescribed by Comp. St. 1920, § 5873, in view of Section 5708, requiring the court to disregard all defects in the proceedings which do not affect substantial rights.

12. Where a defaulting defendant applied for leave to answer and defend, while the court had under advisement a motion by plaintiff to set aside a judgment dismissing the action and granting a new trial, defendant could not, if it had been granted leave to appear and defend, have thereafter predicated error on the order reinstating the case, where no motion to vacate the order reinstating the case was made.

13. Wrong findings of fact by the trial court in ruling on a defaulting defendant's application for leave to appear and defend are not irregularities for which the judgment can be vacated under Comp. St. 1920, § 5923, subd. 3, since an irregularity is not a wrong adjudication, and in that respect is to be distinguished from error, but is a want of adherence to some prescribed rule or method of proceeding.

APPEAL from District Court, Sweetwater County, JOHN R. ARNOLD, Judge.

On rehearing. Motion to dismiss the appeal formerly granted denied as to the appeal from the so-called order denying a new trial and judgment.

*Louis J. Kabell*, and *Edwin J. Stason*, for appellant.

The appeal is from the decree entered on the merits below and also from the order denying motion for new

trial; the order denying motion for new trial is appealable, (5107 C. S.) also reviewable on error. (5109 C. S.) Defendant's motion for new trial was in effect a petition and motion to vacate the default judgment and permit defendant to come in and defend. It followed the statute, (4650 C. S.) It was supported by affidavit. Appeal lies from the judgment on default. (2 R. C. L. 45; 3 C. J. 604, and from an order refusing to vacate a judgment by default, 3 C. J. 526; De La Montanya v. De La Montanya, 44 Pac. 345.) An appeal lies from an order refusing to vacate a default judgment. (Jameson v. Co., 77 Pac. 662; Ricketson v. Tores, 23 Cal. 636; Stevens v. Ross, 1 Cal. 194; Lemon v. Hubbard, 102 Pac. 554.) The order is appealable within the definition of a final order as set forth in the following decisions of this court. (Barrett v. Barrett, 22 Wyo. 295; Kahn v. Ins. Co., 4 Wyo. 439; Anderson v. Mathews, 8 Wyo. 307; Tutty v. Ryan, 13 Wyo. 141; Mayott v. Knott, 16 Wyo. 113; Porter v. State, 16 Wyo. 136.) No default had been formerly entered prior to the tender of answer and cross petition. Defendants misnaming its motion to set aside the judgment by default is immaterial. Under rules the name or title given a pleading is immaterial, it will be considered what it in fact is. (21 Ency. Proc. 395; Martin v. Bartholomew, 92 Pac. 682; Kellog v. Coller, 47 Wis. 649.) This was a case in which it was necessary that relief be first asked from the trial court. The order denying defendant's motion was a final order. (Thompson v. Alford, 60 Pac. 686; Oliver v. Kootenai Co., 90 Pac. 107; Schumate v. Schumate, 107 Pac. 42.) The notice of appeal was filed within time and the service thereof complied with. (Sec. 4447 C. S.; Kinney v. Lewis, 2 Utah 512; Modesto Bank v. Owens, 121 Cal. 223.) A judgment may be set aside after the term for irregularities. (McIntire v. French Co., 3 O. St. 345.) Irregularities defined, (Commissioners v. Cambridge, 7 O.

Cir. Ct. Rep. 72.) Rendition of judgment by default while demurrer is on file is an irregularity.

*Fred W. Johnson, Harry W. Riddle,* and *John W. Lacey,* for respondent.

The motion was for a new trial and so designated throughout the record by appellant. It was made out of time and beyond the first day of the succeeding term. (Sec. 4595 C. S.) There is no bill of exceptions and the motion is not before this Court. (Hardin v. Card, 14 Wyo. 479; Bank v. Anderson, 7 Wyo. 441.) When it is contended that the findings are against the law or the evidence, the exceptions must be reduced to writing and presented for allowance. (4598 C. S. Mitter v. Black Diamond Coal Co., 191 Pac. 1069.) Hence appellant is in no better position if his motion for new trial be interpreted as a petition under Sec. 6305 C. S. 1910. A judgment will not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which it was rendered. The following additional authorities were cited by counsel for respondent upon oral argument. (Lewis v. Smith, 9 N. Y. 502; Straight v. Harris, 14 Wis. 509; 2 Jones on Mortages, Sec. 1439; Dawson v. Bank, 15 Mich. 489; Foval v. Benton, 48 Ill. App. 638; McComb v. Spangler, 12 Pac. 347; Dickerson v. Uhl, 39 N. W. 472; Summers v. Bromley, 28 Mich. 125; Dial v. Reynolds, 96 U. S. 340; Gihon v. Belleville Co., 7 N. J. Eq. 531; Smith v. Roberts, 91 N. Y. 470; Emigrant Bank v. Goldman, 75 N. Y. 127; Ritchie v. McMullen, 159 U. S. 235; Johnson v. Kirby, 65 Calif. 482; Bank v. Grosshans, 85 N. W. 542; Voorhees v. Bank, 10 Peters 449; Missouri R. Co. v. Williamson, 49 Pac. 157; McCague Co. v. Mallin, 23 Wyo. 201.)

KIMBALL, Justice.

A rehearing has been had upon both the motion to dismiss the appeal and the merits. Former opinions may be found in 27 Wyo. 72, 191 Pac. 1069, 193 Pac. 520, where the par-

ties to whom we shall refer as plaintiff and defendant, are described. The rehearing upon the motion to dismiss was granted for the purpose of deciding whether the so-called motion for a new trial should have been considered as a petition or motion to vacate the judgment under Chapter 305, Wyo. .C. S. 1910. That chapter is now Chapter 370, Wyo. C. S. 1920, and in making future references to statutes we shall cite the later compilation only. It is clear, as explained in the former opinions, that if the motion in question was entitled to be considered only as the ordinary motion for a new trial under Section 5870, the appeal should stand dismissed. On the other hand, if it should have been considered as a petition or motion under Chapter 370, the order denying it, unlike an order denying a motion for a new trial, was a final order as defined by Section 6369, and the appeal, if properly taken therefrom, should be entertained. (Hettrick v. Wilson, 12 Oh. St. 136, 80 Am. Dec. 337; Braden v. Hoffman, 46 Oh. St. 639, 22 N. E. 930; Oliver v. Kootenai County, 13 Ida. 281, 90 Pac. 107; Ayrshire Coal Co. v. Thurman, (Ind.) 127 N. E. 810; Wunrath v. People's F. & C. Co., 98 Nebr. 342, 152 N. W. 736.) There are cases holding that an order granting a motion to vacate a judgment for the purpose of permitting a party to prosecute or defend is not a final order from which an appeal may be had, but we have found no case arriving at that conclusion with respect to an order denying such a petition or motion made under statutes similar to Chapter 370. (See Vann v. Union C. L. I. Co., 79 Okla. 17, 191 Pac. 175.) This court has not had occasion to discuss the right to appeal from orders denying relief under that chapter, but we have entertained cases on error or appeal for the review of such orders, where the right thereto has not been questioned, and are satisfied that such cases are within our appellate jurisdiction.

In deciding whether the so-called motion for a new trial should have been considered a petition or motion to vacate the judgment, we give no great weight to the fact that it was entitled a motion for a new trial, as it is well recog-

nized that the name or title of a pleading or motion may be disregarded if its contents make its purpose so clear that no one is misled. Therefore, we must inquire whether it appeared with sufficient certainty from the motion that the relief asked by the defendant was the vacation of the judgment. It is worthy of note that counsel agree in asserting that there was no purpose to be served by a motion for a new trial, which is a re-examination of an issue of fact. There had been no judicial investigation of an issue of fact, for none had been raised. The defendant had failed to answer within the time fixed by statute, leave to answer at a later time had been denied, and the judgment was by default. In such a case a motion for a new trial is not a proper motion. (Bertagnolli Bros. v. Bertagnolli, 23 Wyo. 228, 148 Pac. 374; Foley v. Foley, 120 Calif. 33, 52 Pac. 122, 65 Am. St. Rep. 147; Fisk v. Baker, 47 Ind. 534; Rooker v. Bruce, 171 Ind. 86, 85 N. E. 351.) Further, by Section 5872, a motion for a new trial is required to be filed at the term the verdict, report or decision is rendered. The judgment, which was the decision in this case, was rendered March 2, 1918; the next regular term of court began March 4, and the motion in question was not filed until March 9. Hence, even if a new trial had been the appropriate relief, this motion, as an application therefor, was too late. The motion applied for a vacation of certain proceedings (which included the judgment), and for leave to make a defense to the action by filing answer, calling witnesses, etc. It was verified, and notice of its filing and of the time when it would be heard was served upon the attorney for the plaintiff. In these circumstances we think it clear that the defendant was seeking a vacation of the judgment, and it is but reasonable to hold that its motion might have been considered an application for that relief. It was not so considered by the court below, nor by this court in acting upon the motion to dismiss, and the claim that it was an application under Chapter 370 was made for the first time in this court by the motion for a rehearing. At all times before it was urged and considered as the ordinary motion for a new

trial only. It would seem, then, that though the purpose of the motion was to obtain a vacation of the judgment, it is not clear that the trial court and the plaintiff were not misled as to the relief which the defendant sought. We would perhaps be justified in holding that in requesting now that the motion be considered as a motion to vacate, the defendant asks of us something which he did not ask with precision and certainty in the court below, and which he could not therefore have on appeal. It is generally held not error to deny a motion that cannot be allowed substantially in the form in which it is presented. (28 Cyc. 17.) As was said in Van Slyke v. Hyatt, 46 N. Y. 259, 264: "If a party has mistaken the practice, and moved for an order to which he was not entitled, it must, in general, be discretionary with the court, whether to grant other relief * * * or to deny the motion." But, in view of the fact that the defendant was not permitted to answer and defend, and of the stated circumstances from which it was apparent that its purpose was to vacate the judgment, we shall consider the motion as an application for that relief.

The motion was taken under advisement by the court, and on February 11, 1919, an order denying it was entered. The notice of appeal recited, among other things, that the defendant appealed from that order, giving the date of its entry, as well as from the judgment. In the former opinion a question is raised as to the time of filing this notice, which is required by the statute (§ 6402) to be both served and filed within ten days from the entry of the order or judgment from which the appeal is taken. The notice in this case was filed February 18. There is also in the record a duplicate notice bearing on its face a certificate showing service thereof on February 19. This latter paper, which was filed February 24, is clearly the proof of service of the notice. While we are of opinion that the record on appeal should contain the notice of appeal, filed within the ten days, and also evidence of its service within that time, these two things need not appear by the same paper, and the

proof of service may be filed after the ten days if it be in time to become properly a part of the record on appeal.

The motion to dismiss will be denied so far as to permit a consideration of the appeal from the order of February 11, 1919, considered as an order denying a motion under Chapter 370 to vacate said judgment.

In stating that we will consider the so-called motion for a new trial as a motion to vacate, we use the word "motion" advisedly, for we are clearly of opinion that it should not have been and cannot now be considered as a "petition" under Chapter 370. That chapter provides for a new trial and other relief after judgment upon grounds stated in the ten subdivisions of Section 5923. Subdivision one provides for the granting of a new trial after the term under Section 5974, and, for reasons already stated, is not applicable to this case. As the defendant was not constructively summoned, subdivision two requires no further notice. Proceedings under subdivisions four to ten, inclusive, are required by Section 5927, to be by "petition, verified by affidavit setting forth the judgment or order, the grounds to vacate or modify it, and if the party applying was defendant, the defense to the action, and on such petition a summons shall issue and be served as in the commencement of an action." The following cases, from jurisdictions having similar statutes, show the necessity of a substantial compliance with these provisions; Whitehead v. Post, 3 W. L. M. (Ohio) 195, 2 Ohio Dec. 468; Mulvaney v. Lovejoy, 37 Kans. 305, 15 Pac. 181; State v. Soffeitti, 90 Kans. 742, 136 Pac. 260; Maston v. Chandler B. & L. Assn., 61 Okla. 230, 157 Pac. 366. The motion in the case at bar did not set forth the judgment. Nor did it state a defense to the action except by reference to an answer, tendered before judgment, in connection with a motion for leave to file it. No summons was issued, and it cannot be contended that service upon the attorney for the plaintiff of notice of the filing and hearing of the motion was a compliance with the requirement that summons "issue and be served as in the commencement of an action." (Whitehead v. Post,

supra; McCoy v. Fire Ass'n of Philadelphia, (Ia.) 185 N. W. 101.) Whether the issuance and service of summons could be waived by appearance at the hearing of the motion is a point which is not argued and which we need not decide. Conceding that they could have been, we hold that they were not waived in this case, for neither the motion itself, nor the notice thereof, nor the proceedings taken thereon, were such as to inform the plaintiff that the motion was a "petition" as required by the statute, or that it was so intended by defendant or so to be considered by the court. Lacking this knowledge, there was no waiver.

Therefore, we consent to consider the motion as sufficient in form and substance to raise objections under subdivision three only. Proceedings under this subdivision, as explained by Section 5926, may be by motion upon reasonable notice to the attorney. The motion raises no question of "mistake, neglect or omission of the clerk," and as it was not filed in the first three days of the succeeding term, we need not inquire whether there is any claim of irregularity because the judgment was rendered "before the action regularly stood for trial." Thus limited, the only irregularities alleged in the motion are those which we shall now consider.

Service of summons was had upon the resident agent of the defendant, a foreign corporation. The last day for answer was February 10, 1917. On March 14, during the March, 1917 term of court, the defendant having failed to answer or otherwise plead, evidence offered by plaintiff was heard by the court, and by an order dated June 6, but not filed until June 14, it was recited that, the defendant being in default, the case had been heard upon the plaintiff's petition and evidence, which it was found were not sufficient to warrant a judgment in favor of plaintiff as prayed in his petition, and it was ordered that the action be dismissed at plaintiff's cost. June 20 the plaintiff filed a "motion for new trial," upon the grounds that the dismissal of the action was "contrary to law and not sustained thereby;" "contrary to the evidence and not sustained thereby;" and

that plaintiff had additional and newly discovered evidence which he desired to produce. This motion was not supported by affidavits or depositions, and bears no evidence of any effort to make it comply with the provisions of Section 5873 in regard to motions for a new trial on the ground of newly discovered evidence. July 9, during the same term, this motion was granted, the order reciting, among other things, that ''the order heretofore made dismissing plaintiff's petition * * * is hereby set aside, and the said case is hereby reinstated and a new trial ordered.'' On the same day additional evidence was heard by the court and the case taken under advisement. No notice of these proceedings was given to defendant, who, later, while the case was still under advisement, filed a motion for leave to appear and defend. This motion was denied, and was followed by the judgment by default.

It is clear that the order made June 6 was not a decision upon the merits, but only a judgment of nonsuit, or, under the code practice, of dismissal. (23 Cyc. 773-774.) It is clear also that the court, in the exercise of its inherent power to control its judgments during the term at which they are rendered, could vacate the order of dismissal and thus reinstate the action. (McGinnis v. Beatty, (Wyo.) 204 Pac. 340.) But it is contended that it was irregular to reinstate the case without notice to the defendant. There is no statute requiring notice, and the weight of authority is that, in the absence of such a statute, no notice need be given. (Burnside v. Ennis, 43 Ind. 411; Durre v. Brown, 7 Ind. App. 127, 34 N. E. 577; Smith v. Robinson, 11 Ala. 270; Desribes v. Wilmer, 69 Ala. 25, 44 Am. Rep. 501; Rich v. Thornton, 69 Ala. 473; Allison v. Whittier, 101 N. C. 490, 8 S. E. 338; Carlton v. Miller, 2 Tex. Civ. App. 619, 624, 21 S. W. 697; Midyett v. Kerby, 129 Ark. 301, 195 S. W. 674; Henderson v. Dreyfus, 26 N. M. 262, 191 Pac. 455; Sylvester v. Riebolt, 100 Kans. 245, 164 Pac. 176; Comes v. Comes, (Ia.) 178 N. W. 403; Smith v. Brittenham, 98 Ill. 188.) *Contra*: Laun v. Ponath, 91 Mo. App. 271, citing other Missouri cases.

We deem it unnecessary to cite the many other cases holding that a new trial may be granted at the same term without notice, though the principle involved is much the same, if not identical.

In Smith v. Brittenham, supra, the defendant had been served with summons and had failed to appear and answer. Later, an order was made dismissing the cause for want of prosecution, which order, two days afterward, at the same term, without notice·to the defendant, was set aside and the cause reinstated. It was held that defendant was not entitled to notice of the motion to reinstate, the court saying that he, "having before been brought into court by service of process, was bound to take notice of all orders which were made in the cause at the same term of court, and as well after as before the making of the order of dismissal."

The defendant here relies upon 28 Cyc. 8 and 14 Encyc. Pl. & Pr. 124, where it is stated, in substance, that the parties need not take notice of motions made after the action has been terminated by final judgment. An examination of the cases cited in support of these texts does not convince us that it was intended there to state a principle which would interfere with the power of a court to vacate at the same term without notice a judgment of dismissal like that in the case at bar. Stringer v. Echols, 46 Ala. 61; Perry v. Kasper, 113 Ia. 268, 85 N. W. 22; George v. Middough, 62 Mo. 549, and Morgan v. Campbell, 54 Ill. App. 242 treat of the power of courts to vacate or modify judgments at a subsequent term; Laughlin v. Fairbanks, 8 Mo. 367; DeWitt v. Monroe, 20 Tex. 289 and Gardner v. Cline, 2 West. L. M. 329, 2 Ohio Dec. 301, arose upon proceedings affecting executions or orders of sale, and the power of a court with respect to its own judgments was not considered.

The contention that the court's action was taken upon a defective motion for a new trial presents no substantial objection. We think it clear that there were reasons which justified the court in reinstating the case, and it might have acted upon its own motion. The result of the court's action was not technically the granting of a new trial, but only a

vacation of the previous order of dismissal. The irregularity, if any, in attaining that result, would not warrant a reversal of the case, as it is provided by Section 5708 that the court must disregard all defects in the proceedings which do not affect substantial rights. Our opinion upon this point is confirmed by the record of the later proceedings. Prior to judgment the defendant made no motion to vacate the order reinstating the case, but moved only for leave to answer and defend. Had it been granted that leave, it could not thereafter have predicated error on the action reinstating the case. (Johnson v. Bank, 65 Ind. App. 629, 117 N. E. 676.) Whether it was in the same predicament after a refusal of leave to answer and defend is a point upon which we express no opinion, but we may mention in passing that there are numerous authorities to the effect that a mere irregularity is waived if not called to the attention of the court at the earliest opportunity.

Thus it would seem that the defendant's real grievance is the refusal of the court to permit it to answer out of time and to present its defense. Having obtained jurisdiction of the subject matter of the action and of the defendant, who failed to answer in the time fixed by statute, it was within the discretion of the trial court to grant or deny the leave which defendant asked. The exercise of this discretion required the consideration and determination of matters of fact. For instance, it appears that, on denying the motion for leave to answer and defend, the court found that defendant had not acted diligently in applying to the court for relief, and had not shown that it had a meritorious defense to the action. If those findings were wrong, and, for that or any other reason, the court, in denying the motion, abused its discretion, its action was erroneous, and might have been reviewed and corrected here on appeal or error from the final judgment which followed. But such erroneous action, or abuse of discretion, involving a decision upon questions of fact, would not constitute an irregularity as contemplated by subdivision three of Section 5923. An irregularity is a want of adherence to some prescribed rule

or mode of proceeding, either in omitting to do something necessary to the orderly conduct of the suit, or in doing it at an unseasonable time or in an improper manner. (1 Tidd's Pr. 512.) Irregularities do not result from wrong adjudications, and in that respect are to be distinguished from errors. Everett v. Henderson, 145 Mass. 89, 14 N. E. 932, 4 Am. St. Rep. 284; Orvis. v. Elliott, 65 Mo. App. 96; 1 Black on Judgments, § 170.) As no appeal was perfected from the judgment, we must hold that we cannot pass upon the propriety of the action of the court in denying defendant's last mentioned motion.

From what we have said, it follows that defendant's so-called motion for a new trial, considered as a motion to vacate after the term for irregularities in obtaining the judgment, presented no grounds for relief, and the order denying it will be affirmed.

The appeal from the judgment of March 2, 1918, for the reasons stated in the former opinions, will stand dismissed by the former order.

POTTER, Ch. J., and BLUME, J., concur.