## BEHRENS v. RUSSELL, ET AL.*
### (No. 1376; June 11, 1927; 256 Pac. 661.)

APPEAL AND ERROR—DISMISSAL OF APPEAL—NOTICE OF APPEAL—SPECIFICATIONS OF ERROR.

1. The Supreme Court will dismiss an appeal on motion on ground of record's failure to show filing or service of specifications of error, where record also fails to show service of notice of appeal 'as required under the statute,. even though a brief is attached to the record.

*See Headnote:   (1) 4 CJ p. 567 n. 74 New.

APPEAL from District Court, Lincoln County; JOHN R. ARNOLD, Judge.

Action my Agusta Swenson Behrens, assignee of Anthony Swenson, against George M. Russell and another. From the judgment, defendants appeal. Heard on motion to dismiss the appeal.

*N. W. Reynolds,* for appellants.

The appeal is taken for relief from the unjust rulings and orders made for the collection of the judgment rendered herein; the execution was vacated because not executed within sixty days; an alias execution was issued and defendant's lands were sold on March 20, 1925; although the sale was for the wrong lands, it was confirmed by the court.

*Ivan S. Jones,* for respondent, argued a motion to dismiss. No brief.

Before KIMBALL, Justice, RINER and CROMER, District Judges.

*Per Curiam.*

The respondent has filed a motion to dismiss the appeal because the record fails to show the filing or service of specifications of error. It is admitted that no specifications of error were filed or served, and the only sug-

gestion in opposition to the motion to dismiss is that a "brief" attached to the record on appeal, but which does not apper to have been served on the respondent, may be considered as serving the purpose of specifications of error. If the record on appeal were otherwise sufficient to show the taking of the steps necessary to give this court jurisdiction, we might be justified in holding that the brief contained in the record takes the place, and answers the purpose, of specifications of error. We need not decide that question. The record on appeal is defective in several other particulars. It fails to show service of the notice of appeal, and, therefore, fails to show that the appeal was perfected under the statute. Hahn v. Citizens State Bank, 25 Wyo. 467, 487, 171 Pac. 889, 172 Pac. 705; Mitter v. Black Diamond Coal Co., 28 Wyo. 439, 446, 206 Pac. 152.

Other defects in the record need not be mentioned.

The appeal will be dismissed.